Mathew W. TAYLOR

v.

Matthew W. QUALL, et al.

No. CV 06–5266PAMANX.

United States District Court, C.D. California.

Jan. 29, 2007.

Ian Dipak Chowdhury, Ian Dipak Law Offices, Winnetka, CA, for Mathew W. Taylor.

Jeffrey Alan Topor, Tomio B. Narita, Wineberg Simmonds & Narita, San Francisco, CA, for Matthew W. Quall, Unifund CCR Partners and Lang Richert and Patch.

**Proceedings: IN CHAMBERS—COURT ORDER**

ANDERSON, District Judge.

Before the Court are a Motion to Strike Certain Portions of Plaintiff's Second Amended Complaint (Docket No. 26) and a

Motion for Summary Judgment (Docket No. 29) filed by defendants Matthew Quall, Lang, Richert & Patch, and Unifund CCR Partners (collectively, "Defendants"). Pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7–15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for January 29, 2007, is continued to March 5, 2007, at 1:30 p.m. in accordance with the following.

## I. FACTUAL & PROCEDURAL BACKGROUND [1]

As previously described by the Court (Docket No. 22), this action arises out of the efforts by Defendants to collect on a debt owed by plaintiff Matthew Taylor ("Plaintiff"). In early 2002, Plaintiff stopped making payments on a credit card account he held with Citibank. His last payment to the account was in May 2002, and Citibank sent a final statement to him in December 2002.

Several years later, defendant Unifund CCR Partners ("Unifund") acquired the debt from Citibank. Unifund retained defendant Matthew Quall, a California attorney, to pursue collection of the account. On May 20, 2005, Quall prepared a letter addressed to Plaintiff stating that he had been retained to collect on the Citibank account.[2] The letter stated that Plaintiff owed $7,988.10 in principal and $2,182.50 in interest, for a total of $10,180.60, and described Plaintiff's options for disputing the validity of the debt or any part of it. Quall then prepared and filed a civil complaint against Plaintiff on behalf of Unifund on June 30, 2005 (the "Unifund Action").

The Unifund Action complaint was served on Plaintiff on July 21, 2005. He contacted Quall directly on July 26 and offered to settle the lawsuit. Quall responded by letter on August 1, 2005, and, through a subsequent exchange of several e-mails, the parties agreed that Plaintiff would pay $7,875 in exchange for dismissal of the Unifund Action with prejudice. Plaintiff paid the agreed amount and Quall filed a dismissal of the *Unifund* Action on September 9, but checked the box directing the clerk to dismiss the action without prejudice.

Plaintiff now claims that various actions taken by Quall in initiating the Unifund Action and negotiating its settlement violated the Fair Debt Collection Practices Act ("FDCPA"). In particular, Plaintiff asserts that Quall (1) failed to provide the proper notice of debt required by 15 U.S.C. § 1692g when he began his collection efforts; (2) made false or misleading representations while negotiating the settlement in violation of § 1692e; (3) failed to fulfill the FDCPA's standard for "meaningful" attorney involvement; and (4) violated the FDCPA by filing the Unifund Action without complying with California statutes governing suits brought on behalf of entities with fictitious business names.

Accordingly, Plaintiff initiated this putative class action by filing a complaint in Los Angeles Superior Court on July 20, 2005, on behalf of himself and other individuals from whom Defendants have attempted to collect consumer credit card debt. The Complaint asserted claims under the FDCPA, the Rosenthal Fair Debt

---

**1.** The facts stated here are undisputed, except where noted.

**2.** Though Plaintiff asserts that this letter was never sent by Quall, he does not contest the fact that the letter was prepared and bases

some of his claims on information that it contains. Further, as discussed below, he has failed to establish a genuine issue of material of fact as to whether the letter was actually sent.

Collection Practices Act ("RFDCPA"), and California Business & Professions Code section 17200. Defendants removed the action to this Court on August 24, 2006 and filed a motion to dismiss the state-law claims on the ground that they were barred by the litigation privilege codified at California Civil Code section 47(b). The Court granted the motion, and Plaintiff filed a First, then a Second Amended Complaint ("SAC").

On October 6, the parties also filed a Rule 26(f) Report, requesting an extension of the deadline for Plaintiff to file a motion for class certification in order to allow for expedited ruling on the merits of his claims via summary judgment. The Court granted the request and ordered Defendants to file a motion for summary judgment by December 8. Accordingly, the Defendants filed the instant motions, asserting that several of Plaintiff's claims are barred by the applicable statute of limitations, that the SAC improperly includes a request for injunctive relief, and that they are otherwise entitled to judgment on each of Plaintiff's remaining claims. In addition to opposing the motion on its merits, Plaintiff has requested a continuance pursuant to Rule 56(f).

## II. PLAINTIFF'S RULE 56(f) REQUEST

■ Under Rule 56(f), the court may order a continuance on a motion for summary judgment if the nonmoving party submits affidavits showing that "the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition." The party seeking a continuance has the burden of showing (1) that there are specific facts that it hopes to elicit from further discovery; (2) that those facts actually exist; and (3) that they are "essential" to resist the summary judgment motion. *California ex rel. Califor-*

*nia Dep't of Toxic Substances Control v. Campbell,* 138 F.3d 772, 779 (9th Cir.1998); *see also Terrell v. Brewer,* 935 F.2d 1015, 1018 (9th Cir.1990). The party seeking relief "cannot complain if it [has failed] diligently to pursue discovery before summary judgment." *Mackey v. Pioneer Nat'l Bank,* 867 F.2d 520, 523–24 (9th Cir. 1989).

■ Plaintiff asserts that a continuance is merited because there has been limited discovery in this case due the expedited filing of Defendants' motion, which has prevented him from obtaining facts needed to oppose the "bona fide error" defense asserted against his § 1692e claim for false or misleading representations. This defense is codified in the FDCPA, which provides:

> A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

15 U.S.C. § 1692k(c). This is an affirmative defense, for which Defendants bear the burden of proof on summary judgment. *Clark v. Capital Credit & Collection Servs., Inc.* 460 F.3d 1162, 1177 (9th Cir.2006); *Fox v. Citicorp Credit Servs., Inc.,* 15 F.3d 1507, 1514 (9th Cir.1994). Accordingly, Defendants must show that any alleged false or misleading representations were (1) unintentional; (2) the result of bona fide error; and (3) made despite the maintenance of procedures reasonably adapted to avoid any such error. *Johnson v. Riddle,* 443 F.3d 723, 728 (10th Cir. 2006); *Kort v. Diversified Collection Servs., Inc.* 394 F.3d 530, 537 (7th Cir. 2005).

Here, Plaintiff's § 1692e claims are based on Quall's representations during

the Unifund Action settlement negotiations that he would dismiss the action with prejudice and issue a notice of satisfaction of judgment upon receipt of payment by Plaintiff.[3] Plaintiff challenges the first of these representations because Quall actually dismissed the action without prejudice and the second because it implied that there had already been a judgment entered against Plaintiff when in fact there had not. In response, Defendants assert the bona fide error defense, claiming that Quall made mistakes by dismissing the action without prejudice and by including language regarding the satisfaction of judgment in his communications with Plaintiff. Defendants also submit evidence that it is Quall's established practice to dismiss any settled actions with prejudice and to prevent other mistakes by reviewing a debtor's files before drafting any correspondence.

Plaintiff asserts that he needs additional time to investigate and rebut this defense because he needs to depose two of Quall's subordinates and complete an investigation of other cases filed and then dismissed by Quall on behalf of Unifund. He claims that this discovery will show whether or not Quall has in place procedures reasonably adapted to avoid the type of errors that occur in this case. Further, he claims that his inability to obtain this information before now is not for lack of diligence because Defendants did not reveal their intent to raise a bona fide error defense until they served their motion for summary judgment.[4] Defendants do not contest this assertion and, therefore, it appears that Plaintiff is entitled to a short continuance to complete the discovery he seeks. More specifically, the Court grants a continuance to allow Plaintiff to obtain the depositions of Quall's two subordinates, limited to no more than four hours each. He may also to complete his investigation of other cases filed and dismissed by Quall. Plaintiff must complete this additional discovery by February 12, 2007, and he may file an additional opposition not to exceed five (5) pages regarding his § 1692e claims on or before February 19. Defendants may file an additional reply not to exceed five (5) pages by February 26.

## III. DEFENDANTS' MOTION TO STRIKE

■■■■■ As a preliminary matter, Defendants move to strike certain claims of the SAC as barred by the FDCPA's one-year statute of limitations, as well as Plaintiff's prayer for injunctive relief on the ground that such relief is not available under the FDCPA. In federal court, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). Federal Rule of Civil Procedure 12(f) provides "upon motion made by a party before responding to a pleading ... the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). The purpose of a motion to strike is to avoid the expenditure of time and money that will arise from litigating "spurious issues" by eliminating

---

3. To the extent that Plaintiff attempts to challenge other allegedly false or misleading representations made by Quall, Defendants correctly point out that those claims were not alleged in the SAC and are not appropriately raised for the first time in opposition to a motion for summary judgment. *See Stallcop v. Kaiser Found. Hosps.*, 820 F.2d 1044, 1050 (9th Cir.1987); *Kaiser v. First Hawaiian Bank*, 30 F.Supp.2d 1255, 1261 n. 3 (D.Haw.1997); *Mortkowitz v. Texaco Inc.*, 842 F.Supp. 1232, 1236–37 (N.D.Cal.1994).

4. The failure of Defendants to identify this defense earlier appears at least partly to be the result of their failure to file an Answer to the SAC.

those issues prior to trial. *Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds,* 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994). Generally, "motions to strike are regarded with disfavor because they are often used as delaying tactics, and because of the limited importance of pleadings in federal practice." *Bureerong v. Uvawas,* 922 F.Supp. 1450, 1478 (C.D.Cal.1996); *accord Stanbury Law Firm v. I.R.S.,* 221 F.3d 1059, 1063 (8th Cir.2000). "Courts must view the pleadings under attack in the light more favorable to the pleader." *Lazar v. Trans Union LLC,* 195 F.R.D. 665, 669 (C.D.Cal.2000). Motions to strike are generally not granted unless it is clear that the matter at issue could have no possible bearing on the subject matter of the case. *Id.*

█ Taking first Defendant's motion to strike Plaintiff's request for injunctive relief, they are correct that such relief is not available under the FDCPA. *See Weiss v. Regal Collections,* 385 F.3d 337, 341 (3d Cir.2004). Accordingly, that request is stricken from the SAC.

Defendants' argument that the statute of limitations in this action began running when the complaint in the Unifund Action was filed also has considerable merit. *See Naas v. Stolman,* 130 F.3d 892, 893 (9th Cir.1997) (holding that the statute of limitations on an FDCPA claim based on the filing of a lawsuit beings to run "on the filing of the complaint"). This interpretation of the FDCPA's one-year statute of limitations would bar Plaintiff's § 1692g claim and his other claims relating to the filing of the Unifund Action, as those actions occurred more than one year before Plaintiff filed his Complaint in this action on July 21, 2005. The Court need not address Plaintiff's assertion that the better approach in a case such as this is to treat the statute as running from the date the Complaint was served, however, as none of the claims assertedly barred have merit, as discussed below.

## IV. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Having determined that a continuance is appropriate on Plaintiff's § 1692e claim, the Court now turns to analysis of Defendants' motion for summary judgment on his remaining FDCPA claims.

### A. Standard Governing Motions for Summary Judgment

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). "[T]he burden on the moving party may be discharged by 'showing'— that is, pointing out to the district court— that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986); *see also Musick v. Burke,* 913 F.2d 1390, 1394 (9th Cir.1990). The moving party must affirmatively show the absence of such evidence in the record, either by deposition testimony, the inadequacy of documentary evidence, or by any other form of admissible evidence. *See Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552. The moving party has no burden to negate or disprove matters on which the opponent will have the burden of proof at trial. *See id.* at 325, 106 S.Ct. at 2554.

The nonmoving party's allegation that factual disputes persist between the parties will not automatically defeat an otherwise properly supported motion for summary judgment. *See* Fed.R.Civ.P. 56(e) (nonmoving party "may not rest upon the mere allegations or denials of the adverse party's pleadings, but ... must set forth specific facts showing that there is a genuine issue for trial"). A "mere 'scintilla' of evidence will be insufficient to defeat a properly supported motion for summary judgment; instead, the nonmoving party must introduce some 'significant probative evidence tending to support the complaint.'" *Fazio v. City & County of San Francisco,* 125 F.3d 1328, 1331 (9th Cir. 1997) (quoting *Anderson,* 477 U.S. at 249, 252, 106 S.Ct. at 2510, 2512). If the adverse party does not so respond, summary judgment shall be entered.

**B. Analysis**

As described, Plaintiff claims that Defendants failed to comply § 1692g, fell short of the FDCPA's requirement for meaningful attorney involvement, and violated the FDCPA by failing to comply with California law governing suits by entities with fictitious business names.[5] The Court will address each asserted violation in turn.

**1. *Defendants' Compliance with § 1692g***

■ Plaintiff first asserts that Defendants filed to comply with § 1692g, which requires a debt collector to provide a notice of debt within five days after first contacting a debtor in connection with the collection of a debt. In full, the FDCPA provides:

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a). Plaintiff asserts that he first learned of Defendants' attempts to collect on the Citibank debt when he was served with the Unifund Action complaint on July 21, 2005. Because the complaint and summons failed to provide the information required under § 1692g(a), he claims that Defendants failed to comply with that provision. De-

---

**5.** To the extent that Plaintiff asserted additional FDCPA violations in the SAC, he has not pursued those claims here and, as Defen-

dants point out, he has therefore abandoned those claims.

fendants have presented evidence, however, that the required notice was prepared and sent on May 20, 2005.[6]

More specifically, Defendants presented evidence that Quall and members of his firm followed their usual procedure for generating and sending the notice. In his deposition, Quall testified that the procedure for generating and sending a notice involves copying the letter onto white or bond paper and yellow paper; sending the white or bond paper copy to the debtor; placing the yellow paper copy in the debtor's file; and entering a "follow up" date into the firm's calendaring system thirty-five days from the date the letter was sent. (Matthew Quall Dep. 48:21–49:11.) He also asserts that these procedures were followed in Plaintiff's case because he found the yellow copy of the May 20 Notice in Plaintiff's file and because he followed up on the letter by filing the complaint initiating the *Unifund* Action. (*Id.* at 49:15–22, 50:15–52:11.) That complaint would not have been filed, according to Quall, unless the follow up date had been entered in the calendaring system. (*Id.* at 50:16–51:1.)

■ Such uncontroverted evidence that a debt collector followed its standard business practice with respect to the mailing of a notice of debt is sufficient to establish that the notice was actually sent. *Mahon v. Credit Bureau of Placer County Inc.,* 171 F.3d 1197, 1201–02 (9th Cir.1999); *see also Van Westrienen v. Americontinental Collection Corp.,* 94 F.Supp.2d 1087, 1097–98 (D.Or.2000) (reviewing affidavit establishing that debt collector followed its usual procedure for sending demand letters and finding that it was "sufficient evidence to establish that defendants properly sent the Notice"). Contrary to Plaintiff's assertion, Quall's detailed testimony demonstrates that he relied on far more than an "unsupported assumption" that proper procedures were followed in testifying that the notice was sent. Further, Plaintiff's own evidence that he never actually received the notice is insufficient to establish a genuine issue of material fact as to his § 1692g claim. *See Mahon,* 171 F.3d at 1201 ("section 1692g(a) requires only that a Notice be 'sent' by a debt collector. A debt collector need not establish actual receipt by the debtor"). Judgment in favor of Defendants on this claim is appropriate.

### 2. Defendants' Failure to Provide "Meaningful" Attorney Involvement

■ Plaintiff next contends that various errors made by Quall in prosecuting the Unifund Action subject Defendants to liability under the FDCPA because they demonstrate his failure to provide "meaningful" attorney involvement in the debt collection efforts undertaken on behalf of Unifund. This claim lacks merit for at least two reasons. First, to the extent that Plaintiff asserts that there is some general standard under the FDCPA for adequate attorney involvement in debt collection actions, he misrepresents the limited holdings of various courts that have addressed specific claims of false or misleading representations under § 1692e, finding violations in circumstances related to the mass mailing of collection letters containing the signatures of attorneys who never reviewed the involved debtors' individual files. *See Clomon v. Jackson,* 988 F.2d 1314, 1320–21 (2d Cir.1993); *Irwin v. Mascott,* 112 F.Supp.2d 937, 948–50 (N.D.Cal.2000); *Newman v. Checkrite California, Inc.,* 912 F.Supp. 1354, 1382–83 (E.D.Cal.1995); *Masuda v. Thomas Rich-*

---

6. Plaintiff does not contest that the letter prepared by Quall on May 20 fails to satisfy the requirements of § 1692g. The only ground on which he bases his claim is that the notice was not sent.

ards & Co., 759 F.Supp. 1456, 1460–62 (C.D.Cal.1991).

Second, and more importantly, the undisputed evidence before the Court is that Quall was personally involved in the prosecution of the Unifund Action to an extent far greater than any of the attorneys involved in the cases cited by Plaintiff. *Cf. Irwin,* 112 F.Supp.2d at 950 (finding liability under § 1692e where attorneys responsible for hundreds of thousands of debt collection accounts "neither conducted individual reviews of debtor files nor decided if a particular dunning letter should be sent" before signing such a letter); *Newman,* 912 F.Supp. at 1382 (same where attorney had "performed no review of individuals files" and was not "involved in the decision to send out the letters"); *Masuda,* 759 F.Supp. at 1460–62 (same where attorney did not review debtor's files and did not decide whether to send her collection letters). While Quall's performance may have been less than perfect, the undisputed evidence shows that he at least reviewed Plaintiff's file and personally made every decision related to the Unifund Action. Accordingly, judgment in favor of Defendants on this claim is also appropriate.

### 3. Defendants' Failure to Comply with California Law

 Finally, Plaintiff asserts that Defendants violated the FDCPA by initiating the Unifund Action without having first complied with California law requiring an entity with a fictitious business name to register that name with the state. *See* Cal. Bus. & Prof.Code §§ 17900, 17918. Even assuming that Defendants did fail to comply with this requirement, a debt collection practice that violates state law is not a per se violation of the FDCPA. *Wade v. Reg'l Credit Ass'n,* 87 F.3d 1098, 1100 (9th Cir.1996). Instead, the Court

must determine whether any alleged state-law violation also constitutes a violation of one of the enumerated sections of the FDCPA. *See id.* at 1100–01; *Khosroabadi v. North Shore Agency,* 439 F.Supp.2d 1118, 1123–25 (S.D.Cal.2006).

Here, Plaintiff has failed to specifically identify a single specific provision of the FDCPA violated by Defendants' alleged failure to comply with California's fictitious business name registration requirements. The only authority cited by Plaintiff in this regard, *Perretta v. Capital Acquisitions & Management Co.,* No. C–02–05561 RMW, 2003 WL 21383757 (N.D.Cal. May 5, 2003), is inapposite. That court concluded that a debt collector's threat of litigation is a violation of the FDCPA were such litigation is actually barred by the statute of limitations. *See id.* at *1–*2. That holding is consistent with the FDCPA's prohibition against any "threat to take any action that cannot legally be taken." 15 U.S.C. § 1692e(5). Here, however, any alleged deficiency in the filing of a collection action on Unifund's behalf could have been easily remedied and, therefore, it is simply not true that Unifund's litigation efforts constituted action that could not legally be taken. In this situation, *Wade* is the controlling authority, as it specifically holds that a mere failure to comply with a state registration requirement does not violate the FDCPA. *See* 87 F.3d at 1100–01 (holding that a California debt collector's attempts to collect on a debt in Idaho without first obtaining a permit required by that state did not amount to an FDCPA violation). Accordingly, judgment in favor of Defendants on this claim is appropriate.

### Conclusion

For the foregoing reasons, the Court grants Defendants' Motion to Strike in part, grants Defendants' Motion for Summary Judgment in part, and grants Plaintiff's request for a continuance. Plaintiff's

claim for injunctive relief is stricken. The Court also finds that there are no genuine issues of material fact and that Defendants are entitled to judgment as a matter of law on Plaintiff's claim pursuant to § 1692g and his claims related to an alleged lack of meaningful attorney involvement and violation of California law. Defendants' motion for summary adjudication on Plaintiff's remaining § 1692e claim is continued to March 5, 2007.

IT IS SO ORDERED.