**Joseph LEBLANC, Plaintiff,**

v.

**UNIFUND CCR PARTNERS, G.P.; "Credit Card Receivables Fund"; "ZB Limited Partners," Defendants.**

**No. 8:06–cv–1216–T–TBM.**

United States District Court, M.D. Florida, Tampa Division.

May 8, 2008.

Frederick Wiley Vollrath, Vollrath-Condon, PA, Timothy Condon, Law Office of Timothy Condon, Tampa, FL, for Plaintiff.

Joseph Nicholas Tucker, Dinsmore & Shohl, LLC., Louisville, KY, for Defendants.

1. Also pending before the court is **Defendants' Motion for Leave to File a Memorandum in Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment** (Doc. 40).

## ORDER

THOMAS B. McCOUN, III, United States Magistrate Judge.

THIS MATTER is before the court on Plaintiff's **Motion for Partial Summary Judgment on Liability** (Doc. 36), **Defendants' Motion for Summary Judgment and Memorandum in Support, and Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment (***Dispositive Motion*** )** (Doc. 37), and Plaintiff's memorandum in opposition (Doc. 39).[1] By their cross-motions, the parties seek summary judgment as to Plaintiff's claims for violations of the Fair Debt Collection Practices Act ("FDCPA" or the "Act") and the Florida Consumer Collection Practices Act ("FCCPA"). The court heard oral arguments on the cross-motions on April 21, 2008.

### I.

Plaintiff Joseph LeBlanc is a resident of Tampa, Florida, and a consumer within the meaning of the FDCPA and FCCPA. The debt sought to be collected is a consumer debt within the meaning of the acts. Defendant Unifund CCR Partners, G.P. ("Unifund"), is a general partnership organized under the laws of Ohio and is in the business of purchasing and collecting on consumer debt. Among Unifund's various departments is a Legal Department with six or so employees who handle communications to and from debtors and a network of approximately 120 law firms in all fifty states that handle the company's litigation. Jeffrey Shaffer is the Vice President of Legal Operations and the head of Unifund's Legal Department. He is not an attorney, and none of employees within the department are attorneys.

Upon consideration, a reply is unnecessary for the court's determination, and the motion (Doc. 40) is **DENIED**.

Defendants Credit Card Receivables Fund, Inc. ("CCRF"), and ZB Limited Partners ("ZB") are Unifund's general partners. Neither CCRF nor ZB took any direct action in connection with the collection of the debt in question. None of the Defendants[2] were registered as debt collectors in the State of Florida during times pertinent to this complaint.

Plaintiff initiated this action in June 2006, suing multiple parties. *See* (Doc. 1). Plaintiff amended the complaint on December 5, 2006, suing only the present Defendants. *See* (Doc. 27). The two-count Amended Complaint alleges violations of the FDCPA, 15 U.S.C. §§ 1692e, 1692d, and 1692f,[3] and the FCCPA, Florida Statutes chapter 559,[4] for the alleged use of false, deceptive, or misleading representations or unfair and harassing means in connection with the collection of a consumer debt. As relief, Plaintiff seeks actual and statutory damages, punitive damages, and fees and costs.

By his motion for partial summary judgment (Doc. 36), Plaintiff asserts that Defendants violated the federal and state acts as a matter of law by (1) falsely representing the character, amount, or legal status of a debt; (2) falsely implying the involvement of an attorney; (3) taking action or threatening to take action that cannot be legally taken or that is not intended to be taken; and (4) attempting to collect a debt in Florida without the legal authority to do so by first registering with the Florida Department of Financial Services, Office of Financial Regulation.

By its cross-motion, Defendants assert that the single letter to Plaintiff, upon which all his claims are based, did not violate the provisions of § 1692e(2)(A) on any theory because there was nothing false or deceptive about the character, amount, or legal status of the debt. They also contend that the letter did not violate § 1692e(3) because it did not falsely convey that it was from an attorney. As for § 1692e(5) and (10), Defendants argue that

---

**2.** Unifund, CCRF, and ZB are collectively referred to herein as the "Defendants."

**3.** In Count I, Plaintiff alleges Defendants falsely represented the character, amount, or legal status of the debt; falsely implied attorney involvement; threatened to take action or took action that cannot legally be taken; and attempted to collect a consumer debt in Florida without the legal authority to do so, because they never registered with the Office of Financial Regulation as required by Florida law. Ostensibly, these claims are pursuant to §§ 1692e(2), (3), and/or (5) of the Act. As for § 1692f, Plaintiff alleges Defendants used unfair and unconscionable means to collect a debt by collecting or attempting to collect an amount where the amount was not expressly authorized by the agreement that created the debt or permitted by law; and attempted to collect a consumer debt in Florida without the legal authority to do so, because they were not registered as required by state law. (Doc. 27 at 5–6). It appears that Plaintiff also alleges a violation of § 1692d by engendering alarm and confusion by improperly listing entities as creditors who were not creditors,

"thus giving rise to the natural consequence of harassing, oppressing and abusing in connection with collection of an alleged debt." (Doc. 27 at 4).

**4.** In Count II, Plaintiff asserts generally that each of the violations of the FDCPA alleged in Count I also violates the FCCPA pursuant to Florida Statutes § 559.552. Additionally, Plaintiff alleges particular violations of § 559.72 for willfully communicating with the consumer or his family with such frequency as can reasonably be expected to harass the debtor or his family or willfully engaged in other conduct reasonably expected to abuse or harass the debtor or his family; claimed, attempted, or threatened to enforce a debt when Defendants knew the debt was not legitimate or asserted the existence of some other legal right when Defendants knew the right did not exist; and attempted to collect a consumer debt in Florida without registering with the Office of Financial Regulation as required by § 559.553(1).

there was no threat to take action that could not legally take because Florida law does not require registration prior to commencing consumer debt collection activities and the failure to register does not give rise to a private cause of action. Moreover, they urge that Plaintiff cannot demonstrate any support for the alleged violation of § 1692f that Unifund attempted to collect on an unauthorized amount or that the letter violated § 1692d by identifying entities as creditors that were not creditors in such manner to harass, oppress, or abuse him. For similar reasons, Defendants urge that the Plaintiff cannot prevail on any claim for violation of the FCCPA based on the single letter or their failure to register with the state. As for CCRF and ZB, Defendants argue that neither is a debt collector or participated in any way in the collection activity, and thus they cannot be held liable as debt collectors.[5] Additionally, Defendants' cross-motion assumes that Plaintiff has abandoned any claim not argued by his motion.

## II.

### A.

The court shall grant summary judgment for the moving party only when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The court may look to "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits," in determining whether summary judgment is appropriate. Fed.R.Civ.P. 56(c). The movant bears the exacting burden of demonstrating that there is no dispute as to any material fact in the case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Hairston v.*

*Gainesville Sun Publ'g Co.,* 9 F.3d 913, 918 (11th Cir.1993).

Once the moving party satisfies its burden, the burden shifts to the non-moving party to establish the existence of a genuine issue of material fact. *Celotex,* 477 U.S. at 324, 106 S.Ct. 2548; *Howard v. BP Oil Co.,* 32 F.3d 520, 524 (11th Cir.1994). The non-movant must designate specific facts showing a genuine issue for trial beyond mere allegations or the party's perception. *Perkins v. School Bd. of Pinellas County,* 902 F.Supp. 1503 (M.D.Fla. 1995). It must set forth, by affidavit or other appropriate means, specific facts showing that there is a genuine issue for trial. *See* Fed.R.Civ.P. 56(e).

When deciding a motion for summary judgment, "[i]t is not part of the court's function ... to decide issues of material fact, but rather determine whether such issues exist to be tried ..." and "[t]he court must avoid weighing conflicting evidence or making credibility determinations." *Hairston,* 9 F.3d at 919 (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). The only determination for the court in a summary judgment proceeding is whether there exists genuine and material issues of fact to be tried. *Hairston,* 9 F.3d at 921; *see also Little v. United Techs., Carrier Transicold Div.,* 103 F.3d 956, 959 (11th Cir.1997). All the evidence and inferences from the underlying facts must be viewed in the light most favorable to the nonmoving party. *Combs v. Plantation Patterns,* 106 F.3d 1519, 1526 (11th Cir.1997).

### B.

The Fair Debt Collection Practices Act makes it unlawful for "debt collectors" to use any "false, deceptive, or misleading

---

**5.** Defendants concede that perhaps a successful plaintiff could recover on any award of damages from the general partners under general partnership law but not pursuant to the FDCPA or FCCPA because they are debt collectors.

representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The Eleventh Circuit has adopted the "least sophisticated consumer" standard, by which the plaintiff need only show that the misrepresentation would have deceived or misled the least sophisticated consumer. *See Jeter v. Credit Bureau, Inc.,* 760 F.2d 1168, 1177 (11th Cir. 1985). The Act enumerates particular conduct that constitutes violations of this section, including the false representation of the character, amount, or legal status of any debt; the false representation or implication that any individual is an attorney or that any communication is from an attorney; and the threat to take any action that cannot legally be taken or that is not intended to be taken. 15 U.S.C. § 1692e(2)(A), (3), (5).

The Act also prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." *Id.* § 1692f. This provision includes specified prohibited conduct, including "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." *Id.* § 1692f(1). The Act further prohibits a debt collector from engaging in conduct, "the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt." *Id.* § 1692d.

▮ The FDCPA is designed to "eliminate abusive debt collection practices by debt collectors...." *Brown v. Budget Rent–A–Car Sys., Inc.,* 119 F.3d 922, 923 (11th Cir.1997) (citing 15 U.S.C. § 1692(e) (1997)). In order to prevail on an FDCPA claim, a plaintiff must prove the following: (1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the

defendant has engaged in an act or omission prohibited by the FDCPA. *Kaplan v. Assetcare, Inc.,* 88 F.Supp.2d 1355, 1360–61 (S.D.Fla.2000) (quotations omitted).

The Florida Consumer Collection Practices Act provides that it is not to be construed to limit or restrict the applicability of the FDCPA. Instead, its remedial provisions are in addition to the requirements and regulations of the federal act. Fla. Stat. § 559.552. To this end, it prohibits a number of practices that are also prohibited by the FDCPA as well as acts that are not expressly listed in the federal counterpart. As those provisions relate to this suit, the Florida act prohibits a person from:

> Willfully communicat[ing] with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engag[ing] in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family; [and]
>
> Claim[ing], attempt[ing], or threaten[ing] to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.

*Id.* § 559.72(7), (9).

▮ The FCCPA also provides that "no person shall engage in business in this state as a consumer collection agency or continue to do business in this state as a consumer collection agency without first registering in accordance with this part, and thereafter maintaining a valid registration." *Id.* § 559.553(1). The statute authorizes enforcement of registration requirements against out-of-state consumer debt collectors by the Attorney General on behalf of the state, *id.* § 559.553(5), and subjects violators to administrative fines

and criminal penalties. *Id.* §§ 559.565, 559.785. However, the statute does not authorize a private cause of action. *See Garcia v. Law Offices of Joel Cardis, LLC,* No. 07–60236–CIV, 2007 WL 2671291, at *2 (S.D.Fla.2007) (citing *Conner v. BCC Fin. Mgmt. Servs. Inc.,* 489 F.Supp.2d 1358, 1361–62 (S.D.Fla.2007)).

### III.

### A.

As a starting point, it is undisputed that Unifund purchased the Plaintiff's charged off credit card account from Bank One, Delaware NA ("Bank One"), effective August 23, 2004. Bank One was owned by JP Morgan Chase ("Chase") or one of its subsidiaries. Thereafter, Unifund did no independent investigation of the debt and instead relied upon the information received from Chase for the accuracy of the account information. This information included a copy of the charge off statement originally mailed to Plaintiff in or about September 2003. This statement reflected a balance due of $11,535.94 and interest at an annual percentage rate of 19.99%. (Doc. 37–4 at 27). Along with a bill of sale, Unifund received an affidavit from Chase, which among other things, identified the account for Joe S. Leblanc, the account number, the date the account was opened, the amount owed, and the date when the account was sold to Unifund. *Id.* at 29, 37.

On or about November 8, 2005, Plaintiff received correspondence from Unifund. The letter referenced "4417129736239563 NAT.ASSC.OF RLTORS(LOGO)PLAT" and informed Plaintiff that Unifund had purchased this account from "BankáOneáDelawareáNA." (Doc. 27 at 13). The account was further identified as having been opened "02/10/2002," and the notice advised the account "has been accruing interest since it was charged off on 9/30/2003." *Id.* According to the letter, the account "has a current balance of $17,216.12." *Id.* The letter stated, "If we are unable to resolve this issue within 35 days we may refer this matter to an attorney in your area for legal consideration. If suit is filed and if judgment is rendered against you, we will collect payment utilizing all methods legally available to us, subject to your rights below." *Id.* The letter also advised Plaintiff that he had thirty days to dispute the debt; otherwise it would be assumed valid. In closing, the letter advised, "This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose." *Id.* The letter was signed, "Unifund Legal Department." *Id.* The reverse side of the letter included a Privacy Statement indicating what information Unifund typically collected and how such information would be used. *Id.* at 14. The letter is a form letter used by Unifund's legal department that is modified to add the pertinent debtor/creditor and account information.

Upon receiving the letter, Plaintiff verified the referenced account number was for one of his credit cards. *See* Dep. of Norman Joseph LeBlanc, Jr. (Doc. 37–3 at 17). Plaintiff claims that when he saw the balance due, he was surprised by the amount due and suspected a mistake because he did not think he owed that much. *Id.* He never disputed the letter or otherwise attempted to contact Unifund after receipt of the letter, nor did it contact him again, although it did file suit in state court to collect on the debt. Plaintiff stopped making payments on the debt in or about February 2003 because he was unable to do so. Plaintiff offers no proof beyond his suspicion that the amount said to be owed was incorrect.

### B.

By his motion for summary judgment on the issue of liability, Plaintiff first

claims that Defendants falsely represented the character, amount, or legal status of the debt (in violation of § 1692e(2)(A)). Specifically, Plaintiff argues that when Unifund made its demand for payment, it had only second-hand documents from the original creditor to prove the debt and was without any documents bearing Plaintiff's signature to show the legal basis for its believing the debt was due. In support of this contention, Plaintiff cites the testimony of Mr. Schaffer, who indicated that the only information Unifund had before sending out the demand letter was the information from Chase verifying an overdue account in the name of Joe S. Leblanc and a statement reflecting the account had been charged off. Prior to sending out the letter, Unifund had no independent knowledge that the information received was correct. At arguments, Plaintiff's counsel wholly receded from this argument and acknowledged that this argument was ineffectual based on the case law cited by Defendants.

Plaintiff now urges that the § 1692e(2)(A) claim is based solely on Defendants' dunning him for an amount in excess of what he owed. At deposition, Plaintiff testified that he was surprised by the amount claimed to be owed on the face of the letter from Unifund, as well as the increase in the interest rate of 9.9% in 2003 to a 19.99% by the time the account was acquired by Unifund. *See* LeBlanc Dep. at 29–30 (Doc. 27–3 at 9–10). He vaguely testified to what he believed was owed on the account, but he could not dispute the amount owed at the time the debt was charged off nor did he offer any evidence to contradict the stated amount due in Unifund's letter. *See id.* Even to the present, Plaintiff offers no evidentiary support for this argument that the amount due is overstated. At best, his counsel urges that by his own rough calculation using 9.9% simple interest and a late fee amount of $29.00 taken from an unspecified monthly statement from his client, the amount indicated is too high.

In response, Defendants object to Plaintiff's assertion of a different theory for his claim based on a false representation as to the amount of the debt, as this theory was not briefed in the summary judgment papers. At any rate, Defendants counters that Plaintiff's surprise at the amount claimed in the letter is irrelevant and that he has no evidentiary support, such as expert testimony based on a review of the records, that would demonstrate a false representation of the amount of the debt. The charge-off statement and the Affidavit of Elizabeth J. Ranft–Garcia, a bank officer of Chase Bank USA, N.A., the successor to Bank One Delaware, N.A., indicates that the final amount due on the account as of September 30, 2003, was $11,535.94. *See* Aff. of Joseph N. Tucker, Esq., Tab 3 (Doc. 37–4 at 27); Tab 7 (Doc. 37–4 at 37). However, these documents also support the Defendants' position that the interest rate on the account at that time was 19.99%, *id.* at Tab 3 (Doc. 37–4 at 27); Tab 5 (37–4 at 33), and at this compounded interest rate, there was no false representation of the amount of the debt based upon information supplied to it from the original creditor.

Based on the records before the court, Plaintiff has abandoned the claim insofar as it is based on Unifund's use of second-hand documents from the original creditor to establish the debt at the time it issued the collection letter. With respect to Plaintiff's new theory that the letter falsely represented the amount of the debt, Plaintiff does not demonstrate by competent evidence that the information set forth in the demand letter was false or inaccurate in any way as it pertained to the character, amount, or legal status of the debt. Therefore, Plaintiff's motion for partial summary judgment as to his § 1692e(2)(A) claim is appropriately de-

nied. Given Defendants' undisputed showing, their cross-motion is granted as to this claim.

### C.

As for Plaintiff's claims that the Defendants violated 15 U.S.C. § 1692e(3) because the demand letter falsely implied attorney involvement when there was none, the argument is predicated upon the fact that the letter was sent from Unifund's "Legal Department" and in pertinent part states,

> If we are unable to resolve this issue within 35 days we may refer this matter to an attorney in your area for legal consideration. If suit is filed and if judgment is rendered against you, we will collect payment utilizing all methods legally available to us, subject to your rights below.

(Doc. 27 at 13). He suggests the letter is false because there are no attorneys within Unifund's "legal department," and no attorney reviewed the letter prior to it being sent out. Plaintiff argues that use of the bogus appellation, "Legal Department," leaves the least sophisticated consumer with the impression that an attorney within Unifund's "Legal Department" reviewed the letter if not drafted it. Plaintiff also argues that the phrase, "subject to your rights below," suggests to the least sophisticated consumer that the "rights" listed were the only legal rights Plaintiff had even though it was not a comprehensive list. Citing *Brown v. Card Serv., Ctr.,* 464 F.3d 450 (3d Cir.2006), Plaintiff urges that a collection letter is deceptive where it can be reasonably read to have two or more different meanings.

Defendants acknowledge that no attorneys reviewed the subject letter prior to its mailing, although letters are reviewed by attorneys prior to being implemented as an active letter in Unifund's system. Defendants argue that there is no violation of the Act by these statements because they do not falsely state or imply that the letter is from an attorney and because even the least sophisticated consumer could not conclude that Unifund falsely implied attorney involvement when the letter is considered as a whole. Defendants contend that there is nothing false or misleading by its statement that it *"may"* refer the collection to a local attorney for legal consideration, as indicated by the actual filing of a lawsuit to collect on the account. Defendants further argue that the signature of the letter by Unifund's "Legal Department" does not falsely state or imply attorney involvement, since the "Legal Department" is an actual department within the company.

Defendants rely on *Rosenau v. Unifund Corporation,* No. 06–cv–1355, 2007 WL 1892888, at *3 (E.D.Pa. June 28, 2007). There, the court noted that this (same) letter was signed on Unifund's letterhead, by the "Unifund Legal Department" rather than by an individual, and contained a clear disclaimer that the letter is sent by a debt collector. *Id.* at *3 n. 26. By the court's determination, the letter was not false, deceptive or misleading in this regard. *Id.* at *3.

The statutory language at issue bars a debt collector from using a false, deceptive, or misleading representation or means in connection with the collection of any debt, in particular, "[t]he false representation or implication that any individual is an attorney or that any communication is from an attorney." 15 U.S.C. § 1692e(3). Here, there is no false representation or implication that "any individual is an attorney." Instead, Plaintiff urges that the signature by the "Unifund Legal Department" implies attorney involvement with the drafting, review, or sending of the letter, especially to the least sophisticated consumer. In light of the applicable standard, while there is a possibility that an unsophisticated consumer might infer from

the fact that the letter is from the "legal department" that an attorney might be involved, when read as a whole, there is no false or deceptive implication that an attorney sent the letter. In addition to the fact that the letter originates from an actual department of Unifund, it contains an express disclaimer that "[t]his communication is from a debt collector" and suggests as a possible future action that it could go to a lawyer for further consideration if left unresolved. Taken together, these statements do not mislead or deceive even the unsophisticated reader into reasonably believing that the letter is from an attorney. Therefore, whether this claim is raised as a violation of § 1692e(3) or some other section of the Act, Plaintiff's motion on this claim is denied, and Defendants' cross-motion is granted.

### D.

■ Plaintiff also alleges that Defendants violated 15 U.S.C. § 1692e(5) because Defendants took action or threatened to take collection action they could not take legally and in so doing, also violated § 1692e(10) by falsely representing themselves as duly authorized to collect consumer debts in the State of Florida when in fact, they were not.[6] This claim is predicated on the assertion that Defendants could not lawfully collect or attempt to collect the debt because they were not registered with the State of Florida as required by Fla. Stat. § 559.553(1).[7] This subsection provides that "no person shall engage in business in [Florida] as a consumer collection agency ... without first registering [with the Office of Financial Regulation of the Financial Services Commission]." *Id.* As noted above, violation of the registration requirement by an out-of-state consumer debt collector can result in an administrative fine and even criminal prosecution.

Defendants assert that they are not within the reach of the FCCPA's registration requirement because Unifund is not an "out-of-state consumer debt collector" as such is defined by the statute. Further, under the FCCPA, certain persons or groups are exempted from this registration requirement, including "[a]ny out-of-

---

**6.** At arguments, Plaintiff's counsel clarified that his § 1692e(5) claim is based on the "threat[s] to take action that cannot legally be taken" and not under the clause of § 1692e(5) prohibiting any threat "that is not intended to be taken."

Defendants object to this claim as made under § 1692e(10) urging that the claim was not raised in the Amended Complaint and therefore has been waived. Plaintiff's Amended Complaint nowhere grounds any claim on § 1692e(10) and it appears that the claim was first raised on this motion. Accordingly, the court finds any claim(s) under § 1692e(10) waived.

Further, at arguments, Plaintiff's counsel asserted another alleged illegality in support of the claims under both §§ 1692e(5) and (10). By this argument, Plaintiff contends that the letter contains threats that personal information will be used in a manner that violates 15 U.S.C. § 1692c(b). Specifically, Plaintiff cites to language in Defendants' pri-

vacy statement which advises that contact information and financial information may be shared with "Unifund's affiliates, vendors, or servicers for purposes of servicing your account." (Doc. 27 at 14). Since the sharing of such information with such persons or entities may violate the limitations in § 1692c(b), Plaintiff urges the Defendants, in this way, also threatened action they could not legally take. Defendants object that this claim is raised for the first time at arguments on the cross-motions and should not be considered. The allegation is not new and appears encompassed within Plaintiff's complaint which alleges the letter "[s]eeks to create alarm and false sense of urgency ... by threatening to disclose personal and private information to various companies and other entities." (Doc. 27 at ¶ 9a). Plaintiff testified about this at his deposition as well. (Doc. 37–3 at 17). Thus, Defendants' claim of surprise is overruled.

**7.** Missing text.

state consumer debt collector who does not solicit consumer debt accounts for collection from credit grantors who have a business presence in this state." *Id.* § 559.553(4)(h). By definition, an "out-of-state consumer debt collector" means "any person whose business activities in [Florida] involve both collecting or attempting to collect consumer debt from debtors located in [Florida] by means of interstate communication ... and soliciting consumer debt accounts for collection from creditors who have a business presence in this state." *Id.* § 559.55(8). A creditor has a business presence in Florida if "either the creditor or an affiliate or subsidiary of the creditor has an office in the state." *Id.* Defendants argue that since there is no proof of Unifund's solicitation of consumer debt accounts from creditors with a business presence in this state, it is not an out-of-state consumer debt collector and is exempt from any registration requirement under the express wording of the statute.

The court finds the Defendants' claim to be disingenuous in light of the undisputed facts of this case. Defendants admit that Unifund is a debt collector attempting to collect on a debt in Florida, and the dunning letter sent via the mails so states. The undisputed facts also indicate Defendants' business involves the purchase of portfolios of charged off credit card accounts, such as the subject account from Chase. Unifund's contention that it does not solicit consumer debt accounts for collection from credit grantors who have a business presence in this state is thus belied by the fact that it purchased this

credit debt from Chase, which undeniably maintains a business presence in this state. Moreover, Unifund's use of attorneys within this state as part of the Legal Department's fifty-state network of attorneys hired to pursue collection litigation supports an inference that it regularly obtains debt accounts from creditors who have a business presence in this state. Defendants proffer no evidence otherwise that Unifund is within an exemption to the registration requirements of the FCCPA, and this argument will not defeat Plaintiff's claim that Defendants violated § 1692e(5).

■ Although there is no dispute that Defendants were not registered with Florida's Office of Financial Regulation at the time this collection effort was commenced with the mailing of the subject letter, Defendants argue the failure to register is no violation of § 1693e(5) because even Florida law does not require registration prior to commencing consumer debt collection activities and does not authorize a private cause of action for the failure to register. *See* (Doc. 37) (citing *Conner,* 489 F.Supp.2d at 1361); *Welch v. Fla. West Coast, Inc.,* 816 So.2d 711, 714 (Fla.Dist. Ct.App.2002). Since Plaintiff has no remedy under Florida law for this violation, Defendants urge the court should prevent him from circumventing Florida law by bringing the claim under the federal Act. In support of this contention, Defendants rely on an order of this court granting in part a motion to dismiss in *McCorriston v. L.W.T., Inc.,* 536 F.Supp.2d 1268 (Doc. 18).[8] However, that order is unpersuasive

8. In *McCorriston,* the court held that a debt collector was not liable under the FCCPA for violating the registration requirement of Fla. Stat. § 559.553, since the FCCPA does not establish a private cause of action for such a violation. *Id.* at 1274. After noting that the Florida legislature provided civil statutory remedies for certain prohibited practices enumerated in § 559.72 but not for failing to

register pursuant to § 559.553, the court reasoned that an attempt to bring a cause of action under the FCCPA for the failure to register in violation of § 559.553 was an improper attempt to "circumvent the statutory scheme." *Id.* Essentially, Defendants urge this court to extend this same rationale to prevent Plaintiff from circumventing Florida's

and ignores a later order in *McCorriston* wherein the court declined to reach a decision on the issue of whether the Defendant, an out-of-state debt collector, could be liable under the FDCPA for its failure to register in Florida. *See id.* at (Doc. 54); 536 F.Supp.2d 1268, 1278 (M.D.Fla.2008).

█ While a number of district courts and the Ninth Circuit have addressed the issue of whether the failure to register or obtain a license in violation of state law is a *per se* violation of 15 U.S.C. § 1692e(5), the Eleventh Circuit has not. *See Ferguson v. Credit Mgmt. Control, Inc.,* 140 F.Supp.2d 1293 (M.D.Fla.2001). As noted in *Ferguson,* those courts that have addressed the matter have reached conflicting conclusions.[9] Consistent with the approach taken in *Wade* and *Ferguson,* this court concludes initially that debt collection actions in violation of state law are not *per se* violations of the FDCPA. Even if Unifund is required to register in Florida as an out-of state consumer debt collector, as the court has concluded it is, Unifund has not violated the federal Act absent proof that it made a threat to take action it could not take. Stated otherwise, if Unifund's single letter to Plaintiff is viewed, as its counsel suggests, as purely informative, Unifund has not violated § 1692e(5) regardless of the matter of registration. On the other hand, if it threatens action that it cannot take, it has violated the Act.

█ Upon review and consideration, the court finds that the Unifund dunning letter threatens to take collection action, absent resolution, which it could not take at the time it sent the letter. The communication is unmistakably an effort by Unifund to collect on a bad debt either amicably or via a thinly veiled threat of legal action if necessary. If parsed, much of the letter, including the statutorily mandated portion,[10] may be read as informative rather than threatening. However, when the letter is considered in its entirety, it advises that Unifund, as a debt collector acting through its legal department, is seeking to collect on a debt he has failed to pay; if the bad debt is not resolved in 35 days, referral to an attorney may occur; and if judgment is rendered, Unifund will collect payment utilizing all methods legally avail-

---

statutory scheme by allowing him to bring a failure to register claim under § 1692e(5).

**9.** The *Ferguson* court compared *Wade v. Regional Credit Ass'n,* 87 F.3d 1098, 1099–1101 (9th Cir.1996), with *Sibley v. Firstcollect, Inc.,* 913 F.Supp. 469, 471–72 (M.D.La.1995); *Russey v. Rankin,* 911 F.Supp. 1449, 1459 (D.N.M.1995); *Kuhn v. Account Control Tech., Inc.,* 865 F.Supp. 1443, 1451–52 (D.Nev.1994); and *Gaetano v. Payco of Wis., Inc.,* 774 F.Supp. 1404, 1414–15 (D.Conn. 1990). In *Wade,* the Ninth Circuit determined that while the district courts in *Sibley, Russey, Kuhn,* and *Gaetano* had all held that out-of-state collection agencies violated § 1692e(5) by engaging in collection activities in a state without obtaining required state licenses, such debt collection practices in violation of state laws are not *per se* violations of the FDCPA. The *Ferguson* court adopted the *Wade* court's rationale as more persuasive and looked to the contents of the communica-

tion under the least sophisticated consumer standard to determine whether the debt collector *threatened* action it could not take under the Act. Finding no such threats, the court dismissed the § 1692e(5) claims.

*See also Garcia v. Law Offices of Joel Cardis, LLC.,* No. 07–60236–CIV, 2007 WL 2671291 (S.D.Fla. Sept. 7, 2007); *Thibodeau v. Credit Adjustment Bureau,* No. 8:06–cv–509–T–26MAP, 2006 WL 3498159 (M.D.Fla. Dec.4, 2006); *Pescatrice v. Elite Recovery Serv., Inc.,* No. 06–61130–CIV–COHN, 2007 WL 1192441 (S.D.Fla., Apr.23, 2007); *cf. Taylor v. Quall,* 471 F.Supp.2d 1053, 1062 (C.D.Cal.2007); *Khosroabadi v. N. Shore Agency,* 439 F.Supp.2d 1118, 1123–25 (S.D.Cal.2006); *Williams v. Goldman & Steinberg, Inc.,* Civil Action No. CV–03–2132 (DGT), 2006 WL 2053715, at *1 (E.D.N.Y. July 21, 2006); *Goins v. JBC & Assocs., P. C.,* 352 F.Supp.2d 262 (D.Conn.2005).

**10.** *See* 15 U.S.C. §§ 1692e(11) and 1692g.

able to it and as set forth in the privacy statement. In the mind of the least sophisticated consumer, the debt collector has initiated a collection action against him and is threatening to take additional collection action if the matter is not resolved. Under Florida law, Unifund could not seek to take nor threaten to take such action absent its registration with the Office of Financial Regulation.

This conclusion is consistent with both state and federal law. Allowing a debtor to sue under § 1692e(5) of the FDCPA for an unregistered debt collector's threats to conduct business as a consumer collection agency in Florida even though such an action is not authorized under state law does not circumvent Florida's statutory scheme. The FCCPA expressly states:

> Nothing in this part shall be construed to limit or restrict the continued applicability of the federal Fair Debt Collection Practices Act to consumer collection practices in this state. This part is in addition to the requirements and regulations of the federal act. In the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer or debtor shall prevail.

Fla. Stat. § 559.552. Congress enacted the FDCPA in 1977 as an amendment to the Consumer Credit Protection Act "to protect consumers from a host of unfair, harassing, and deceptive debt collection practices without imposing unnecessary restrictions on ethical debt collectors...." Consumer Credit Protect Act, S.Rep. No. 95–382, at 1–2 (1977), *reprinted in* 1977 U.S.C.C.A.N. 1695, 1696. Additionally, the Act itself states:

It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

15 U.S.C. § 1692(e). Given these considerations, the court finds that allowing a cause of action under the FDCPA based in part on the violation of state law but unavailable under the FCCPA is not a circumvention of state law or an abuse of the federal Act. Such a determination is consistent with the approach taken by other jurisdictions and does not conflict with this court's prior rulings in *Ferguson, McCorriston,* and *Thibodeau.*

Upon a determination that Plaintiff has established his claim under § 1692e(5) for Unifund's threat to collect on a debt without being registered in Florida to do so, Plaintiff's motion for partial summary judgment on this claim is granted and Defendants' cross-motion is denied.[11]

### E.

As noted above, Plaintiff's Amended Complaint also purports to raise claims under §§ 1692d and 1692f. Defendant urges that neither claim has merit and they are entitled to summary judgment on both. Plaintiff alleges that Unifund's correspondence "seeks to engender alarm or confuse the [Plaintiff] by listing three purported entities as present or past creditors of the consumer, ..." in violation of § 1692d. By his complaint, Plaintiff maintains that the listing of the National Association of Realtors and Bank One Dela-

---

11. As for Plaintiff's argument that an additional illegality may be found in Unifund's privacy statement which appears to allow Unifund to disseminate personal information about Plaintiff to persons or entities beyond those permitted by § 1692c(b), that provision of the statement must be read as a whole and when so read offers Plaintiff no basis as a matter of law to support the instant claim.

ware, N.A., as such are actually listed in the correspondence, gives rise to the natural consequence of harassing, oppressing, and abusing him. On their motion, Defendants acknowledge the use of abbreviations in describing the credit card at issue and the typographical errors made in connection with Bank One Delaware, N.A., but urge that there is no violation of this subsection as such did not result in harassment, oppression, or abusing of Plaintiff.

By Plaintiff's own testimony, he was able to identify the referenced credit card as his with little effort despite the abbreviations and typographical errors. There is nothing to contradict Defendants' claim that any errors were unintentional and resulted from a computer glitch. While Plaintiff states that he was surprised by the amount allegedly due, he articulates no harassment or abuse as a consequence. LeBlanc Dep. at 63–65 (Doc. 37–3 at 18). Even in the eyes of the unsophisticated consumer, there is nothing about the manner in which Unifund referenced this account that is unduly confusing or otherwise harassing and oppressing. Upon consideration, the court finds no disputed facts, and summary judgment in Defendant's favor is granted as to Plaintiff's claim under § 1692d.

Plaintiff's § 1692f claim asserts that Defendants used unfair and unconscionable means to collect or attempt to collect this debt. To the extent that the claim is based on Unifund's efforts to collect an amount not expressly authorized by the agreement or otherwise permitted by law, Plaintiff wholly fails to respond to the Defendant's challenge to this claim by proffer of any evidence, apart from his counsel's urging that the amount owed was miscalculated. As noted above, counsel's calculation is not evidence, is wholly unreliable, and cannot salvage this aspect of Plaintiff's claim which he otherwise fails to prove.

■ Insofar as he alleges a violation on the basis of Unifund's failure to register in the Florida, having determined that such registration is required, the court is compelled to conclude that, at a minimum, Unifund used unfair means in an effort to attempt to collect the debt. *See Kuhn*, 865 F.Supp. at 1452 ("the [debt collectors'] actions were 'unfair or unconscionable' in violation of § 1692f because the failure to obtain a license 'deprived [Kuhn] of her right as a consumer debtor residing within the state to have the Defendants' qualifications as a collection agency reviewed by state authorities.' ") (citing *Gaetano*, 774 F.Supp. at 1415). Accordingly, Defendants' motion on this aspect of Plaintiff's § 1692f claim is denied.

### F.

With respect to Plaintiff's state law claims raised in Count II, Defendants seek summary judgment on each claim. In response, Plaintiff urges generally that where the FDCPA is violated, the FCCPA is also violated and Defendants are not entitled to summary judgment. Defendants argue conversely that because they did not violate the FDCPA, they did not violate the FCCPA. More particularly, Defendants again assert that they were not required to register, and in any event, the failure to register does not afford Plaintiff a private cause of action under Florida Statutes § 559.72(9). Further, Defendants argue that Plaintiff fails, as a matter of law, to demonstrate any violation of either subsection 559.72(7) or (9). By this argument, the single communication with the Plaintiff was on a legitimate debt and was neither harassing nor abusive toward Plaintiff or his family.

As discussed above, Plaintiff has no cause of action under Florida law for the failure of Unifund to register as a debt collector in Florida.[12] Defendants are en-

---

12. Plaintiff waived any such claim at oral arguments.

titled to summary judgment on his claim to the contrary as alleged in Count II. Further, Defendants are entitled to summary judgment on his claims that they wilfully engaged in conduct which reasonably could be expected to abuse or harass Plaintiff or his family and that they sought to enforce a debt that was not legitimate. On the contrary, it is undisputed that Defendants' demand for payment was upon a legitimate debt and the single letter to Plaintiff lacks the frequency or tone necessary to support a claim under either § 559.72(7) or (9). *See Story v. J.M. Fields, Inc.,* 343 So.2d 675, 677–78 (Fla.Dist.Ct.App.1977).

## IV.

Defendants also seek summary judgment as to all claims against CCRF and ZB, since they did not participate in the collection activity and the only basis for liability asserted against them is because they are general partners of Unifund. Thus, aside from denying any violation of the FDCPA by Unifund itself, Defendants argue that CCRF or ZB are not liable under any theory because they are not debt collectors and committed no acts or omissions required by law. Here, they cite to Mr. Shaffer's unrefuted testimony that neither participates in any way in the day-to-day activities of Unifund nor did they participate in this collection action against Plaintiff. In response, Plaintiff cites to Florida Statutes § 620.1404 and argues that Florida law imputes liability to general partners for acts taken by the partnership. Plaintiff also cites *Peter v. GC Services, LP,* 310 F.3d 344, 353 (5th Cir.2002); *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark, LLC,* 214 F.3d 872, 876 (7th Cir.2000); *Cashman v. Ricigliano,* No. Civ. 3:02CIV1423 (MRK), 2004 WL 1920798 (D.Conn. Aug.25, 2004).

The statute regulates the practices of debt collectors, and the claims brought by Plaintiff are based on the debt collection actions of Unifund. The statute defines "debt collector" as

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another .... the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.

15 U.S.C. § 1692a(6). In the court's view, the definition is broad enough to encompass the role played by the owners of Unifund as well as its day-to-day employees. While the Eleventh Circuit has not decided the issue of a general partner's liability for FDCPA violations by the partnership, several courts have imputed liability under general principles of partnership law. *See Belin v. Litton Loan Servicing, LP,* No. 8:06–cv–760–T–24EAJ, 2006 WL 1992410, at *2 (M.D.Fla. July 14, 2006); *Pollice v. Nat'l Tax Funding, L.P.,* 225 F.3d 379, 405 (3d Cir.2000); *Miller,* 214 F.3d at 876; *Peters v. AT & T Corp.,* 43 F.Supp.2d 926, 930 (N.D.Ill.1999); *Randle v. GC Servs.,* 25 F.Supp.2d 849, 850–52 (N.D.Ill.1998); *Cirkot v. Diversified Fin. Sys., Inc.,* 839 F.Supp. 941 (D.Conn.1993).

Although the record does not support that CCRF and ZB participated in any way other than indirectly in the actual collection efforts of Unifund, the record clearly supports that these entities are the owners of Unifund and serve as general partners. A number of courts considering the matter have determined that these circumstances are sufficient in the face violations of the FDCPA to impute liability to the general partners. The court here finds such a conclusion consistent with the

goals of the FDCPA and Ohio law, which imposes at least joint liability on all partners, with some exceptions not applicable in this case.[13] Ohio Rev.Code Ann. § 1775.14(A). Accordingly, Defendants' motion for summary judgment as to the liability of Defendants CCRF and ZB is denied.

## V.

Accordingly, it is **ORDERED** that Plaintiff's **Motion for Partial Summary Judgment on Liability** (Doc. 36) and **Defendants' Motion for Summary Judgment and Memorandum in Support, and Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment** (*Dispositive Motion* ) (Doc. 37) are **GRANTED in part** and **DENIED in part.** Summary judgment is granted in Plaintiff's favor and against Defendants as to his claims under § 1692e(5) and § 1692f for Unifund's threats to take action as a debt collector without registering with the Florida Department of Financial Services, Office of Financial Regulation. In all other respects, Plaintiff's motion is denied. Summary judgment is granted Defendants' favor as to all other claims under §§ 1692d, 1692e, and 1692f(1). In all other respects, Defendants' motion is denied.

A status conference shall be scheduled by separate notice.

**Done and Ordered.**

---

**13.** Florida law of partnerships provides that the governing law shall be that of the jurisdiction in which a partnership has its chief executive office. Fla. Stat. § 620.8106(1). Because Unifund is an Ohio partnership with its principal place of business in Ohio, *see* (Doc. 27 at ¶ 7), the partnership laws of Ohio govern in this instant. At any rate, Florida likewise imposes joint and several liability for partners. *See* Fla. Stat. § 620.8306(1).