816 So.2d 711 (2002)
Judy WELCH and Charles A. Hardimon d/b/a Creative Recovery Services, Appellants,
v.
FLORIDA WEST COAST, INC. d/b/a Culligan Water Conditioning, Appellee.
No. 2D01-1037.
District Court of Appeal of Florida, Second District.
April 24, 2002.
Thomas Saunders and William B. Bracken, Jr., Bartow, for Appellants.
Theodore L. Tripp, Jr. and Elisa S. Worthington of Garvin & Tripp, P.A., Fort Myers, for Appellee.
FULMER, Judge.
Judy Welch and Charles A. Hardimon, doing business as Creative Recovery Services ("Creative"), sued Florida West Coast, Inc., doing business as Culligan Water Conditioning ("Culligan"), for breach of contract and quantum meruit. The trial court granted summary judgment in favor of Culligan based on a determination that the contract between the parties was illegal and unenforceable. We review de novo the order granting the motion for summary judgment. We reverse.
On August 28, 1996, Welch and Hardimon signed a contract with Culligan which required Culligan to assign certain past-due accounts receivable to Creative for collection. Sometime prior to the signing of the contract, Welch submitted a Registration *712 of Consumer Collection Agency form to the Office of the Comptroller pursuant to section 559.553, Florida Statutes (1995), together with the required registration fee. At the signing of the contract, Welch and Hardimon advised Culligan that they had not yet received a certificate of registration from the Florida Department of Banking and Finance ("the Department"). Culligan indicated that it was not concerned.
Welch had been advised by an employee of the Department that once the registration form and appropriate fee had been submitted to the Department, Creative would be entitled to proceed as a consumer collection agency pending the actual issuance of the certificate of registration. Apparently, the Department cashed the check submitted for the registration fee but could not locate the registration form. Another form was submitted, after which additional information was requested. A series of communications ensued, and the certificate of registration was eventually issued on March 17, 1997.
Meanwhile, Culligan had assigned Creative certain accounts for collection, and Creative had begun collection activities on those accounts. Due to flaws in Culligan's accounting system, Creative was unable to track which accounts had been assigned to it but were paid directly to Culligan. Creative became concerned that Culligan was collecting money from accounts that were assigned to Creative and that Culligan was not paying Creative its fees on those accounts. Creative began working with Culligan to try to resolve its concerns, but before the problems could be resolved, Culligan fired Creative and cancelled the contract in April or May of 1997.
Creative sued Culligan for breach of written contract, breach of oral contract, and quantum meruit. Culligan filed its motion for summary judgment arguing that Creative had not registered to act as a consumer collection agency prior to the signing of the contract and, therefore, Creative's claims were barred. The issue for the trial court to determine was whether registration is complete upon submission of the registration form and fee to the Department or upon the Department's issuance of a certificate of registration. In its order granting Culligan's motion, the trial court concluded that Creative failed to register prior to engaging in consumer collection endeavors and, therefore, no action at law or equity could be maintained by Creative because the contract underlying the business relationship was illegal. The trial court construed the term "registered," in section 559.553(3), to mean issuance of a certificate of registration. We disagree with the trial court's interpretation.
Chapter 559, Florida Statutes (1995), the Florida Consumer Collection Practices Act, requires any person who engages in business as a consumer collection agency to register with the Department. Section 559.553, entitled "Registration of consumer collection agencies required; exemptions," provides in part:
(1) After January 1, 1994, no person shall engage in business in this state as a consumer collection agency or continue to do business in this state as a consumer collection agency without first registering in accordance with this part, and thereafter maintaining a valid registration.
(2) Each consumer collection agency doing business in this state shall register with the department and renew such registration annually as set forth in s. 559.555.
(3) A prospective registrant shall be entitled to be registered when registration information is complete on its face and the applicable registration fee has been *713 paid; however, the department may reject a registration submitted by a prospective registrant if the registrant or any principal of the registrant previously has held any professional license or state registration which was the subject of any suspension or revocation which has not been explained by the prospective registrant to the satisfaction of the department either in the registration information submitted initially or upon the subsequent written request of the department. In the event that an attempted registration is rejected by the department the prospective registrant shall be informed of the basis for rejection.
The procedure for registering is set forth in section 559.555, which provides:
Any person required to register as a consumer collection agency shall furnish to the department the registration fee and information as follows:
(1) The registrant shall pay to the department a registration fee in the amount of $200. All amounts collected shall be deposited by the department to the credit of the Regulatory Trust Fund of the department.
(2) Each registrant shall provide to the department the business name or trade name, the current mailing address, the current business location which constitutes its principal place of business, and the full name of each individual who is a principal of the registrant. "Principal of a registrant" means the registrant's owners if a partnership or sole proprietorship, corporate officers, corporate directors other than directors of a not-for-profit corporation organized pursuant to chapter 617 and Florida resident agent if a corporate registrant. The registration information shall include a statement clearly identifying and explaining any occasion on which any professional license or state registration held by the registrant, by any principal of the registrant, or by any business entity in which any principal of the registrant was the owner of 10 percent or more of such business, was the subject of any suspension or revocation.
(3) Renewal of registration shall be made between October 1 and December 31 of each year. There shall be no proration of the fee for any registration.
We conclude that under the provisions set out above, registration is complete upon submission of the registration form together with the required fee but may be rejected thereafter. Section 559.553 is not a licensing statute. It simply requires the filing of minimal identification information as well as the disclosure of prior suspensions or revocations of any professional license or state registration previously held. The statute imposes no testing or other qualification requirements and contains no language suggesting that prior approval of the Department must be received before consumer collection activities may be undertaken. The only basis provided for rejection of a registration is an unsatisfactory explanation of a prior suspension or revocation. And, even where prior suspensions or revocations are explained by a registrant, there is no requirement that a registrant await a response from the Department.[1] Thus, we conclude that the registration required by section 559.553 is complete upon submission *714 to the Department of the required registration form and fee.
Accordingly, we reverse and remand for further proceedings consistent with this opinion. Our reversal of the final summary judgment renders moot the remaining issues raised in this appeal.
Reversed and remanded.
GREEN and SILBERMAN, JJ., Concur.
NOTES
[1] We also note that, pursuant to section 559.553(4), exempted from registration are many persons and businesses who regularly engage in collection activities, such as, any original creditor, any member of The Florida Bar, any financial institution authorized to do business in this state, and any consumer finance company. Presumably, the registration requirements of section 559.553 are not necessary for these entities because the information provided through registration is already on file with the state.