Teresa L. CONNER, Plaintiff,

v.

BCC FINANCIAL MANAGEMENT SERVICES, INC., Defendant.

No. 06–61365–CIV.

United States District Court, S.D. Florida, Miami Division.

June 8, 2007.

Donald A. Yarbrough, Fort Lauderdale, FL, for Plaintiff.

Barbara Fernandez, David Palmer Hartnett, Hinshaw & Culbertson, Miami, FL, for Defendant.

### ORDER ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

ALTONAGA, District Judge.

**THIS CAUSE** came before the Court upon Defendant, Symmetry Management Corp. d/b/a BCC Financial Management Services, Inc.'s ("BCC['s]") Motion for Partial Summary Judgment [D.E. 34], filed on March 5, 2007. BCC moves for summary judgment with respect to Count III of Plaintiff, Teresa L. Conner's ("Conner['s]") First Amended Complaint [D.E. 32]. The Court has carefully considered the parties' written submissions and applicable law.

### I. BACKGROUND

On or about August 16, 2006, BCC sent Conner a letter in an attempt to collect a debt Conner owed to a creditor identified in the letter as the Imperial Point Medical Center. (*See Am. Compl.* [D.E. 32] ¶ 6 &

Ex. A [D.E. 27–2]; *Ans.* ¶¶ 6–7). Under Florida law, consumer collection agencies must register with the state, and the parties agree that at the time it sent the letter to Conner, BCC was required to be registered as a consumer collection agency. (*See Am. Compl.* ¶ 8; *Ans.* ¶ 8; Fla. Stat. § 559.553(1)). Conner alleges that in its application for registration as a consumer collection agency, BCC omitted its mailing address, and that this omission constituted a violation of Fla. Stat. § 559.555(2), which sets forth the procedure for registration of consumer collection agencies. (*See Am. Compl.* ¶¶ 11–12).

In Count III of her Amended Complaint, Conner alleges that BCC's failure to provide its mailing address in the registration application rendered the registration void under Fla. Stat. § 559.563, and that, in its attempt to collect a consumer debt while in possession of a void registration, BCC violated the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.72(9). (*See id.* ¶¶ 15–16; 23–24). In its Motion, BCC moves for partial summary judgment on Count III of Conner's Amended Complaint, arguing that its alleged failure to comply with Fla. Stat. § 559.553 does not give rise to a private right of action under Fla. Stat. § 559.72.

### II. LEGAL STANDARD

Summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In making this assessment, the Court "must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party," *Stewart v. Happy Herman's Cheshire Bridge,*

*Inc.*, 117 F.3d 1278, 1285 (11th Cir.1997), and "must resolve all reasonable doubts about the facts in favor of the non-movant," *United of Omaha Life Ins. Co. v. Sun Life Ins. Co. of Amer.*, 894 F.2d 1555, 1558 (11th Cir.1990).

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S.Ct. 2548. In those cases, there is no genuine issue of material fact "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323, 106 S.Ct. 2548.

## III. ANALYSIS

Although raised in the context of a motion for partial summary judgment, the resolution of BCC's arguments primarily involves the resolution of a legal issue. The parties agree that BCC was registered as a consumer collection agency when it sent Conner the collection letter attached to the Amended Complaint.[1] The facts surrounding whether BCC provided incomplete information to the State of Florida when applying for its registration are disputed, (*see Ans.* ¶ 11 (denying that BCC omitted its mailing address in its registration application)), but BCC does

not address those allegations in its Motion. BCC's argument is essentially that, even accepting as true Conner's allegation that BCC omitted its mailing address in the application and that this omission rendered its registration void, Conner does not have a valid cause of action under Fla. Stat. § 559.72(9).

Under Fla. Stat. § 559.553, consumer collection agencies must register with the state. The procedure for registration is set forth in Fla. Stat. § 559.555, which requires, *inter alia*, that the registrant provide its current mailing address to the state. Under Fla. Stat. § 559.563, "[a]ny registration made ... based upon false identification or false information or identification not current with respect to name, address, and business location, or other fact which is material to such registration, shall be void."

Conner alleges that BCC did not provide its mailing address in its application for registration and that this failure rendered the registration void. Conner asserts that BCC's attempt to collect a debt while in possession of a void registration violated Fla. Stat. § 559.72(9), which provides that, "[i]n collecting consumer debts, no person shall: ... [c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist." Florida law provides citizens with a private right of action for alleged violations of Fla. Stat. § 559.72. *See* Fla. Stat. § 559.77(1).

BCC argues that a violation of the registration statute, Fla. Stat. § 559.553, does not give rise to a private right of action under Fla. Stat. §§ 559.72 and 559.77(1). In her Opposition, Conner does not chal-

---

1. BCC attaches its registration to the Motion, but Conner alleges in her Amended Complaint that BCC was registered, so there is no dispute between the parties regarding this issue.

lenge this contention, instead choosing to focus only on BCC's alleged failure to comply with S.D. Fla. Local Rule 7.5C, which requires that parties moving for summary judgment set forth a Statement of Undisputed Facts. Finding that BCC's Motion complied with this requirement by sufficiently identifying the facts BCC contends are undisputed, the undersigned proceeds to an analysis of BCC's legal contentions.[2]

As an initial matter, it is clear that Conner may not assert her claim directly under Fla. Stat. § 559.553, which does not itself provide for a private right of action. Conner appears to be aware of this fact, as she asserts her cause of action under Fla. Stat. § 559.72(9). The question, then, is whether a failure to comply with Fla. Stat. § 559.553 constitutes a violation of Fla. Stat. § 559.72(9). It appears that this issue is one of first impression. *See Ferguson v. Credit Mgmt. Control, Inc.*, 140 F.Supp.2d 1293, 1303 (M.D.Fla.2001) (noting, after dismissing federal claims, that issue of whether an unregistered debt collector's sending of collection letter violated Fla. Stat. § 559.72(9) had not been addressed by Florida courts and declining to exercise supplemental jurisdiction under 28 U.S.C. § 1367); *Thibodeau v. Credit Adjustment Bureau*, 2006 U.S. Dist. LEXIS 87573, at *5–6 (M.D.Fla. Nov. 4, 2006) (same). Thus, the Court must look to the statute itself and related case law in evaluating the parties' arguments.

The clause of Fla. Stat. § 559.72(9) on which Conner premises her claim prohibits "asserting the existence of [a] legal right when such person knows that the right does not exist." Conner argues that BCC's provision of incomplete information to the state rendered its registration void and that BCC's attempt to collect a debt while in possession of a void registration violated Fla. Stat. § 559.553. Because Sec-

tion 559.553 requires registration, Conner presumably reasons, BCC's sending of the collection letter while not in compliance with that statute constituted, to track the language of Section 559.72(9), the assertion of the existence of a legal right—the right to collect a debt—when BCC knew the right did not exist. This argument does not persuade.

Had the Florida legislature intended to enact a private right of action for violations of Fla. Stat. § 559.553, it could have done so, either by explicitly including language authorizing a private right of action in the statute itself, or by referencing Section 559.553 in Fla. Stat. § 559.72. Had the legislature intended to include "attempting to collect a consumer debt while in possession of a void registration" as a violation of the FCCPA, it could have included such language in Section 559.72. Because the legislature chose not to do so, the undersigned is not inclined to, nor can she, read such a cause of action into the language of Fla. Stat. § 559.72(9).

Furthermore, at least one Florida court has analyzed the language of Section 559.553 and has held that the statute does not require registration prior to the commencement of consumer debt collection activities. That court explained that Section 559.553:

> ... is not a licensing statute. It simply requires the filing of minimal identification information as well as the disclosure of prior suspensions or revocations of any professional license or state registration previously held. The statute imposes no testing or other qualification requirements and contains no language suggesting that prior approval of the Department must be received before consumer collection activities may be undertaken.

---

2. Conner sought, and received, three extensions of time in which to respond to BCC's Motion [D.E. 35–40], giving her seven full weeks to respond to the Motion.

1362

*Welch v. Florida West Coast, Inc.*, 816 So.2d 711, 714 (Fla. 2d DCA 2002). Consequently, the undersigned finds that Fla. Stat. § 559.72(9) does not allow a private right of action for violations of Fla. Stat. § 559.553.

### IV.  CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that BCC's Motion for Partial Final Summary Judgment [D.E. 34] is **GRANTED.** Summary judgment is entered for BCC on Count III of Conner's First Amended Complaint.