Teresa L. **CONNER**, Plaintiff,

v.

**BCC FINANCIAL MANAGEMENT SERVICES, INC.**, Defendant.

**Case No. 06–61365–CIV.**

United States District Court,
S.D. Florida,
Miami Division.

June 25, 2008.

Donald A. Yarbrough, Fort Lauderdale, FL, for Plaintiff.

Barbara Fernandez, David Palmer Hartnett, Hinshaw & Culbertson, Miami, FL, for Defendant.

## ORDER

CECILIA M. ALTONAGA, District Judge.

**THIS CAUSE** came before the Court on Magistrate Judge William C. Turnoff's Report and Recommendation (the "Report") [D.E. 70], issued on March 11, 2008. On October 15, 2007, the Court entered a Judgment in favor of Defendant, BCC Financial Management Services, Inc., ("BCC") [D.E. 50]. On November 14, 2007, BCC filed its Verified Motion for Attorney's Fees [D.E. 51], and the Court referred the Motion to Judge Turnoff under 28 U.S.C. § 636(b)(1)(B). In the Report, Judge Turnoff recommends granting BCC's Motion in part. On March 25, 2008, Plaintiff filed her Objections to the Report [D.E. 71]. The undersigned has conducted a *de novo* review of the record and fully concurs with Judge Turnoff's recommendations.

This case alleged violations of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55. The initial Complaint [D.E. 1], filed on September 11, 2006, consisted of one count alleging violations of the FDCPA and one count alleging violations of the FCCPA. Both counts were predicated on BCC's alleged failure to register as a consumer debt collector. On October 5, 2006, counsel for BCC, Bruce J. Goldman, sent Plaintiff's counsel a letter indicating that BCC was a properly registered debt collector and urged Plaintiff to dismiss the suit. (*See Aff. of B. Goldman* [D.E. 51–4] ). Plaintiff chose to proceed through mediation and discovery and was permitted to file her First Amended Complaint on January 29, 2007 [D.E. 32].

The First Amended Complaint plead two counts under the FDCPA and one count under the FCCPA. Plaintiff alleged BCC's debt collector registration was void,

because it failed to include a mailing address on the registration application. On June 8, 2007, the undersigned entered an Order, 489 F.Supp.2d 1358 (S.D.Fla.2007), granting BCC's Motion for Partial Summary Judgment on Plaintiff's FCCPA claim, finding the FCCPA did not create a private right of action for violations of the registration provision of the FCCPA. Plaintiff only opposed the Motion on the ground that BCC failed to properly include a statement of facts under the Local Rules. On October 15, 2007, the undersigned granted BCC's Motion for Final Summary Judgment on the remaining FDCPA claims after Plaintiff gave notice she did not oppose the Motion. (*See* [D.E. 49]).

In the Report, Judge Turnoff recommends that Plaintiff's attorney be held liable to BCC for reasonable attorney's fees under 28 U.S.C. § 1927 and that Plaintiff be held liable to BCC for reasonable attorney's fees under Section 559.77, Florida Statutes. Judge Turnoff further recommends BCC's request of $23,439 be reduced by 15% to $19,923.15 due partially to excessive billing and partially to inadequate record-keeping. Judge Turnoff recommends Plaintiff and Plaintiff's counsel be held jointly liable for the fees.

Plaintiff objects to the Report arguing, (1) Judge Turnoff applied the incorrect legal standard in finding Plaintiff personally liable for fees under the FCCPA; and (2) Judge Turnoff erred in finding Plaintiff's counsel unreasonably multiplied the proceedings in violation of Section 1927.

Plaintiff's first objection focuses on what she contends is an inconsistency in Judge Turnoff's reasoning, resulting in the application of the incorrect legal standard for imposing attorney's fees against her under the FCCPA. Under the FCCPA, the statutory language requires imposition of fees

against a plaintiff in certain circumstances: "If the court finds that the suit fails to raise a justiciable issue of law or fact, the plaintiff shall be liable for court costs and reasonable attorney's fees incurred by the defendant." Fla. Stat. § 559.77. There is scant authority expounding on what constitutes a failure "to raise a justiciable issue of law or fact" in the context of a claim for fees by a prevailing defendant in an FCCPA case. *See, e.g., Wilson v. Transworld Systems, Inc.,* Case No. 00–cv–135, 2003 WL 21488206, at *2 (M.D.Fla. Jun. 10, 2003) (finding the fact that the defendant prevailed on summary judgment insufficient to satisfy the standard). But in other contexts, " 'Florida courts have consistently held that in order for an action to be devoid of merit so as to not have a justiciable issue, the claims must be frivolous.' " *JES Properties, Inc. v. USA Equestrian, Inc.,* 432 F.Supp.2d 1283, 1290 (M.D.Fla.2006) (quoting *Amey, Inc. v. Gulf Abstract & Title, Inc.,* 758 F.2d 1486, 1508 (11th Cir.1985)) (internal quotation marks omitted) (addressing attorney fees provisions of the Florida Antitrust Act, Fla. Stat. § 542.22).

■ Finding this case failed to raise a justiciable issue of law or fact, Judge Turnoff recommends that Plaintiff be personally liable for the award of attorney's fees under the FCCPA. The undersigned is persuaded that Judge Turnoff did not err in finding this case failed to present a justiciable issue of law or fact. As shown by, among other indicia, the failure to file substantive responses to the motions for summary judgment, the case was clearly frivolous.

■ Plaintiff argues that because Judge Turnoff found Plaintiff could not be held personally liable for fees under the FDCPA,[1] the FCCPA prevents the imposi-

---

1. Plaintiff agrees that Judge Turnoff correctly found she was not personally liable for fees under the FDCPA, because no evidence was offered that Plaintiff herself brought the action in bad faith, and such a finding is re-

tion of fees against her regardless of whether the case failed to raise a justiciable issue. *See* Fla. Stat. § 559.552. Section 559.552 provides, "[i]n the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer or debtor shall prevail." Plaintiff contends that, as the more protective of the consumer, the FDCPA standard should prevail, and she should not be held liable under the FCCPA because she cannot be held liable under the FDCPA. Plaintiff has not provided authority to support this proposition, and the undersigned is not persuaded that Section 559.552 of the FCCPA prohibits an award of attorney's fees where those fees are not proper under the FDCPA.

■ The undersigned also agrees with Judge Turnoff's finding that Plaintiff's counsel unreasonably multiplied the proceedings under 28 U.S.C. § 1927. After being advised that BCC did have a valid registration, Plaintiff's counsel continued to litigate the case, offering no substantive responses to BCC's motions for summary judgment and repeatedly seeking extension after extension. Counsel's actions clearly multiplied these proceedings and justify a finding of bad faith. Judge Turnoff's finding was not error.

Accordingly, it is

**ORDERED AND ADJUDGED** that Judge Turnoff's Report [D.E. 70] is **AFFIRMED AND ADOPTED** in total as follows:

(1) Defendant, BCC Financial Management Services, Inc.'s Verified Motion for Attorney's Fees [D.E. 51] is **GRANTED IN PART.**

(2) Defendant, BCC Financial Management Services, Inc., shall be awarded attorney's fees as follows: (1) Hinshaw & Culbertson, $15,949.40; (2) Delima, Goldman & Goldman, $3,973.75.

(3) Plaintiff, Teresa L. Conner, and Plaintiff's counsel shall be held jointly liable for the award of attorney's fees.

## REPORT AND RECOMMENDATION

WILLIAM C. TURNOFF, United States Magistrate Judge.

**THIS CAUSE** is before the Court upon Defendant's Verified Motion for Attorney's Fees **[D.E. 51]**. A hearing on this Motion **[D.E. 51]** was held before the undersigned on Friday, December 14, 2007. Plaintiff requested and was granted several enlargements of time to file a written response to the Motion **[D.E. 51]** due to, among other things, illness. *See* **[D.E. 62, 65 & 67]**.

Plaintiff's most recent enlargement of time extended the response time to February 28, 2008. **[D.E. 67]**.[1]

Upon review of the Motion **[D.E. 51]**, the Response **[D.E. 68]** the court file, hearing argument from counsel, and being otherwise duly advised in the premises, the undersigned makes the following findings.

### Background

This action was filed by Plaintiff Teresa L. Conner against Defendant BCC Financial Management Services, Inc. on September 12, 2006. *See* **[D.E. 1]**. Plaintiff claimed, *inter alia*, violation of 15 U.S.C.

---

quired to impose attorney's fees against a plaintiff under the FDCPA. *See Perry v. Stewart Title Co.,* 756 F.2d 1197, 1211 (5th Cir. 1985) (citing 15 U.S.C. § 1692k(a)(3)) ("To recover attorney's fees under the FDCPA, the prevailing defendant must show affirmatively that the plaintiff brought the FDCPA claim in

bad faith and for the purpose of harassment.").

1. The Response was received and docketed by the Court's CM/ECF system at 11:58 p.m. on February 28, 2008. *See* **[D.E. 68]**.

§ 1692k of the Fair Debt Collection Practices Act (FDCPA), and Fla. Stat. § 559.55, the Florida Consumer Protection and Practices Act. *See* Compl. **[D.E. 1]**, Am. Compl. **[D.E. 32]**.

This case involves an attempt by Defendant to collect on a debt owed by Plaintiff to Imperial Point Medical Center. *Id.* at Ex. A. *Id.* In furtherance of same, Defendant sent Plaintiff a letter demanding payment. *Id.* at ¶ 6. The collection letter at issue arose from medical treatment that Plaintiff mistakenly believed was covered by worker's compensation insurance. As it turns out, her employer did not carry such coverage. *See* **[D.E. 68 at ¶ 2]**.

Plaintiff specifically claimed that Defendant violated the FDCPA in that Defendant: (1) attempted to collect on a consumer debt without being properly registered with the Consumer Collection Agency; and (2) included false and misleading information (with respect to its mailing address) on its registration application. *See* Amend. Compl. **[D.E. 32]**.

On June 8, 2007, Judge Altonaga entered partial summary judgment in favor of Defendant as to Count III (violation of Florida's Consumer Collection Act) of the First Amended Complaint. *See* Order on Def.'s Mot. Partial Summ. J., 489 F.Supp.2d 1358 (S.D.Fla.2007). On October 15, 2007, Judge Altonaga entered final summary judgment in favor of Defendant on the two remaining counts (Count I–Lack of Registration as a Violation of the FDCPA & Count II–False Representation Made in Application for Registration). *See* Order on Def.'s Mot. Final Sum. J. (Oct. 15, 2007) **[D.E. 49]**. Notably, Plaintiff did not oppose the final summary judgment motion. *See* **[D.E. 48]**.

Defendant is seeking $23,439 in attorney's fees (plus interest) from Plaintiff's

counsel pursuant to 28 U.S.C. § 1927 (counsel's liability for fees and costs). Defendant is also requesting payment of attorney's fees from Plaintiff pursuant to 15 U.S.C. § 1692k (federal debt collection practices statute), and Fla. Stat. § 559.77 (Florida's consumer collection practices statute).

In response, Plaintiff's counsel argues that he did in fact conduct a proper investigation prior to filing the lawsuit by, *inter alia*, checking the lists of registered debt collectors on the Department of Financial Services' website. *See* **[D.E. 68]** at ¶¶ 1–2. According to counsel, Defendant was not listed (when he conducted his research) in the August 2006 list of registered debt collectors. In support of this argument, counsel has attached lists purportedly printed during the relevant time frame.[2] In any case, counsel concedes that the lists are updated, "usually monthly, but not on an entirely consistent basis." *Id.* at ¶ 2. Counsel also concedes that he was able to determine that Defendant did at one time hold a valid registration. *Id.* As it turned out, Defendant obtained a new registration on August 16, 2006. *Id.* In sum, Plaintiff contends that he missed detecting the registration by one day. *Id.* This unintentional error, Plaintiff argues, constitutes no more than negligence and cannot rise to the level of bad faith.

As to the omitted address issue, Plaintiff argues that Defendant did not provide its mailing address with its registration, and that the collection letter used a mailing address that was not disclosed in its application. On this basis, Plaintiff contends that Defendant's registration was void under FDCPA. *Id.* at ¶¶ 4–6. In defending against sanctions, Plaintiff's counsel hangs his hat on the fact that the district court noted that this matter was one of "first

---

**2.** However, the lists do not have self-identifying dates. Instead, the supposed dates they were printed are handwritten on each list. *Id.* at Exs. A–C.

impression" in granting partial summary judgment. An imposition of sanctions in such a scenario, argues Plaintiff, requires a finding that "an attorney's conduct [must] be particularly egregious; that is, the attorney must *knowingly* or *recklessly* pursue a frivolous claim." *See Lira v. Arrow Air, Inc.,* Case No: 05–23273–cv–Lenard/Torres, 2007 WL 4218999, citing, *Amlong v. Denny's, Inc.,* 500 F.3d 1230 (11th Cir.2007).

### Entitlement

### A. Attorneys Fees from Plaintiff's Counsel Pursuant to 28 U.S.C. § 1927

28 U.S.C. § 1927 provides in pertinent part,

> An attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.

To justify such sanctions, the three elements of the statute must be met. First, an attorney must engage in unreasonable and vexatious conduct. Second, this conduct must multiply the proceedings. Third, the amount of the sanction cannot exceed the costs incurred due to the unreasonable conduct. *See Schwartz v. Millon Air, Inc.,* 341 F.3d 1220, 1225 (11th Cir.2003); *McMahan v. Toto,* 256 F.3d 1120, 1129 (11th Cir.2001). The statute allows a court to impose sanctions against an attorney who willfully abuses the system with such conduct that is essentially bad faith. *Malautea v. Suzuki Motor Co., Ltd.,* 987 F.2d 1536 (11th Cir.1993)(quoting *Avirgan v. Hull,* 932 F.2d 1572, 1582 (11th Cir.1991)). Bad faith is the touchstone, not mere negligence. *Schwartz,* 341 F.3d at 1225. A

determination of bad faith is proper where an attorney knowingly or recklessly pursues a frivolous claim. *Id.*

The facts herein are parallel to those in *Edwards v. General Motors Corp.,* 153 F.3d 242 (5th Cir.1998). In *Edwards,* the Fifth Circuit upheld the district court's imposition of sanctions under 28 U.S.C. § 1927 where the plaintiff's attorney continued to litigate after acknowledging she knew the case could not be won. *Id.* at 246. The court found her action of continuing to litigate after realizing the case was without merit to be vexatious, unreasonable and in bad faith. *Id.* Perhaps most compelling, according to the court, was the pattern of conduct: plaintiff's counsel never filed any substantive motions, never took any depositions, and failed to respond to GM's motion for summary judgment. *Id.* Counsel also acted to continue needless litigation by filing witness and exhibit lists, moving twice for extensions to respond to summary judgment, and then failing to even respond. *Id.* at 247.

Similar conduct exists here.

The record reveals that counsel unreasonably continued litigating this matter in the face of clear evidence that there was no claim to be had—thereby multiplying the proceedings and causing Defendant to incur further fees.

The instant claim was based in part upon a theory that Defendant was not licensed as a debt collector. *See* Amend. Compl. **[D.E. 32].** Immediately upon service of suit, Defendant's counsel demonstrated that Defendant was indeed licensed with the state by furnishing Plaintiff's counsel with a copy of the actual valid registration. *See* Affidavit of Goldman **[D.E. 51 (Ex. C) ].** A follow-up public record's search would have confirmed the validity of same. Rather than concede the fact and expeditiously drop the

suit, Plaintiff's counsel knowingly and unreasonably continued to needlessly pursue the frivolous claim.

By refusing to drop the matter at the outset, Plaintiff's counsel unnecessarily multiplied the proceedings and quite frankly wasted everyone's time. Instead of voluntarily dismissing the claims at issue, counsel chose to file for extension after extension in response to Defendant's motions for summary judgment. *See e.g.* [**D.E. 35, 37 & 38**]. After requesting and receiving a series of extensions to respond to Defendant's Motion for Partial Summary Judgment as to Count III, counsel failed to respond substantively—choosing instead to advise the court that Defendant's motion failed to comply with S.D. Fla Local Rule 7.5C by failing to include a statement of undisputed facts. [**D.E. 41**]. In other words, counsel presented no opposition as to the merits of Defendant's motion.

The court ultimately found the motion to be in compliance, and granted Defendant's Motion for Summary Judgment, finding that there was no private right of action for violations of Fla. Stat. § 559.553. *See* Order, 489 F.Supp.2d 1358.

This same pattern continued when Defendant filed its Final Motion for Summary Judgment as to Counts I and II. *See* [**D.E. 48**]. Again, Plaintiff's counsel asked and received an extension [**D.E. 45**] only to, in the end, not oppose the motion. The court granted final summary judgment, finding that Defendant indeed had a valid license and was not in violation of the FDCPA. *See* [**D.E. 49**]. This pattern of extensions and delay continues to a certain extent in the present motion for Attorney's Fees. As noted above, counsel has repeatedly sought enlargements of time as to the filing of a response to the instant motion [**D.E. 54, 61 & 66**]. The last request indicated that counsel was ill. *See* [**D.E. 66**]. The court certainly appreciates

counsel's recent illness. However, the track record in this case has maintained a common theme of delay since its inception.

Indeed, the undersigned notes that counsel is no stranger to this type of case management. This court found at least two (2) cases wherein complaints filed by counsel were under threat of dismissal for similar behavior, i.e., no responses to pleadings, repeated extensions of time, with no ultimate response in the end. One matter was actually dismissed on these grounds.

For example, the dismissal order in *Small v. LCA Collections, et al.* Case No: 05–60005–cv–Moore states in relevant part,

> THIS CAUSE came before the Court upon Defendant's Motion to Dismiss (DE # 9). A review of the record indicates that the Plaintiff has not responded to the Motion to Dismiss after receiving **two** extensions of time to file a response.
>
> Accordingly, UPON CONSIDERATION of the Motion and the pertinent portions of the record, and being otherwise fully advised in the premises, it is
>
> ORDERED AND ADJUDGED that the said Motion be, and the same is, hereby GRANTED by default pursuant to S.D.Fla. L.R. 7.1(C). This case is DISMISSED.

*See Id.* at [**D.E. 9**] (emphasis in original).

In *Born v. Professional Account Management, LLC,* Case No. 04–61195–cv–Martinez, 2005 WL 2253597, the court's *sua sponte* Order to Show Cause states,

> The record reflects that on August 22, 2005, this Court ordered Plaintiff to file a response to [Defendant's] Motion for Judgment on the Pleadings and Alternative Motion to Dismiss for Lack of Subject Matter Jurisdiction (D.E. No. 18). On August 30, 2005, Plaintiff filed a motion for extension of time to file the

response to Defendant's motion due to Hurricane Katrina (D.E. No. 19). Despite the fact that Plaintiff had already had over a month to respond to Defendant's motion, the Court granted the extension of time giving Plaintiff until September 6, 2005 to file the response (D.E. No. 20). The time to comply with this order has passed and, to date, no response has been filed. . . .

Failure to show cause as required by this Order will result in sanctions or other appropriate measures, including DISMISSAL WITHOUT PREJUDICE.

*See Id.* **[D.E. 22].**

Curiously, a Joint Stipulation for Dismissal was filed on the very next day. *See* **[D.E. 23].**

A similar Order to Show Cause was issued in the case of, *Born v. NCO Financial Systems, Inc.,* Case No: 04–60645–cv–Cohn. That Order states in relevant part,

On September 30, 2004, this Court granted Plaintiff Susan M. Born's Motion for Enlargement of Time to Respond to Defendant's Motion for Summary Judgment. This Court stated that Plaintiff shall file her response to Defendant's Motion for Summary Judgment no later than October 11, 2004 [D.E. 21]. To date, Plaintiff has failed to file a response to Defendant's Motion for Summary Judgment. . . .

Plaintiff shall show cause by October 19, 2004, why Defendant's Motion for Summary Judgment should not be granted. Failure to timely respond will result in this Court's considering Defendant's [Motion] without a response from Plaintiff.

*See Id.* at **[D.E. 23].**

These are just a few examples.

Counsel's contention that the case at bar is one of "first impression" and therefore, not worthy of sanctions is likewise unpersuasive. The facts of the case at bar are in no way parallel to the cases (*Amlong* &

*Lira* ) cited in support of this argument. For example, *Amlong* was a relatively complex and contentious case filed under the Civil Rights Act of 1964 that involved evidentiary hearings, allegations of false deposition testimony, and the covering up of false evidence by counsel. In that case, the district court judge flatly rejected the magistrate's "demeanor-intensive credibility determination" (made after a four day evidentiary hearing) that the conduct in question was not tantamount to bad faith. *See Amlong,* 500 F.3d at 1230. The Eleventh Circuit reversed finding abuse of discretion. *Id.* at 1244.

Here, while Judge Altonaga did note in dicta that "[the] issue is one of first impression," such observation by the Court does not benefit counsel in this instance.

Upon review of related and relevant case law, Judge Altonaga determined that Plaintiff's argument in that regard was not persuasive. *See* 489 F.Supp.2d 1358. Specifically, the Court's Order states,

[b]ecause 559.553 requires registration, Connor presumably reasons, BCC's sending of the collection letter while not in compliance with that statute constituted, to track the language of Section 559.72(9), the assertion of the existence of a legal right—the right to collect a debt—when BCC knew the right did not exist. This argument does not persuade.

\*　　\*　　\*

Had the Florida legislature intended to enact a private right of action for violations of Fla. Stat. 559.553, it could have done so, either by explicitly including language authorizing a private cause of action in the statute itself, or by referencing Section 559.553 in Fla. Stat. 559.72. Had the legislature intended to include "attempting to collect on a consumer debt while in possession of a void registration" as a violation of the

FCCPA, it could have included such language in Section 559.72. Because the legislature chose not to do so, the undersigned is not inclined to, nor can she, read such a cause of action into the language of Fla. Stat. 559.72(9).

*See Id.*

The Court further noted that at least one Florida court has found that the statute in question does not require registration prior to the commencement of consumer debt collection activities. *See e.g., Welch v. Florida West Coast, Inc.,* 816 So.2d 711, 714 (Fla. 2d DCA 2002)(emphasis added). A review of the statute's legislative history and the relevant case law would have revealed as much to counsel.

Here, the question is not whether counsel was diligent in his research prior to filing the suit. The question is what should have been done when it became apparent that there was no merit to the case. Plaintiff's counsel argues that at one time he proposed a "walk-away" with each party bearing its own fees and costs. The record does not reflect any such discussions by and between the parties. The court has no way of knowing when these discussions took place and how they would factor in important matters such as how much had Defendant already invested in defending the matter. In either case, the offer may have been too little too late. As such, the court shall not address this contention.

Coincidently, the *Amlong* case noted that "... it is clear from the statutory language and the case law that for purposes of § 1927, bad faith turns not on the attorney's subjective intent, but on the attorney's objective conduct. The term "unreasonably" necessarily connotes that the district court must compare the attorney's conduct against the conduct of a "reasonable" attorney and make a judgment about whether the conduct was acceptable according to some objective standard." *See Id.* citing *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 421, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). The term vexatiously similarly requires an evaluation of the attorney's objective conduct.

The undersigned has carefully reviewed this matter under the objective standard and finds that a reasonable attorney in counsel's position[3] would have dropped this matter early in the proceedings instead of "making a federal case" out of, among other things, Defendant's inaccurate address information. The needless continuation of meritless claims demonstrate that counsel's actions were reckless and unreasonable, and warrant a finding of bad faith.

Accordingly, the undersigned **RESPECTFULLY RECOMMENDS** that Plaintiff's counsel be held liable for Defendant's attorney fees.

**B. Defendant Attorney Fees from Plaintiff Pursuant to 15 U.S.C. § 1692k**

15 U.S.C. § 1692k provides that "[o]n a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." 15 U.S.C. § 1692k(a)(3). There are few cases expounding the criteria. *See Black v. Equinox Fin. Mgmt. Solutions, Inc.,* 444 F.Supp.2d 1271, 1275 (N.D.Ga.2006). Defendant cites to the *Black* case in support of its claims. In *Black,* the plaintiff's case

---

**3.** The Court notes that counsel is a seasoned litigator who is well-versed in consumer protection statutes. The Court's CM/ECF system reveals that counsel has filed over two-hundred eighty-one (281) similar cases under the Fair Credit Reporting Act within the past five (5) years.

was based on a "hunch" that a creditor had lied to him, but by the close of discovery there was no evidence to support that hunch. *Id.* at 1275–76. Nevertheless, the plaintiff continued litigation, and the court awarded defendants fees and costs from the end of discovery onward, finding that the plaintiff's pursuit of his case through summary judgment was in bad faith in that it was done only to secure settlement or to require Defendant to proceed to an unnecessary trial despite lack of merit. *Id.* at 1276. Defendant argues that same happened here; that is, Plaintiff, in bad faith, continued to litigate for the purpose of harassment after learning Defendant possessed a valid license.

A review of cases shows that for a court to award fees and costs to defendant under 15 U.S.C. § 1692k, defendant must provide evidence to impart the criteria to plaintiff him/herself. *See Kahen–Kashani v. Nat'l Action Fin. Servs., Inc.,* No. 03CV828, 2004 WL 1040384, *7 (W.D.N.Y. Apr. 12, 2004) ("Defendant has not provided evidence of *plaintiff's* bad faith (as opposed to allegation of plaintiff's counsel's bad faith)") (emphasis in original); *Jacobson v. Healthcare Fin. Servs., Inc.,* 434 F.Supp.2d 133, 141 (E.D.N.Y.2006), *aff'd in part, rev'd in part by* 516 F.3d 85 (2nd Cir.2008) ("Plaintiff acknowledged, by counsel's admission at argument"). The fact that Defendant is entitled to summary judgment does not provide the basis for such a finding; there must be evidence that Plaintiff both knew that his/her claim was meritless and pursued it with the purpose of harassing the defendant. *See Id. quoting Spira v. Ashwood Financial, Inc.,* 358 F.SUpp.2d 150, 161 (E.D.N.Y.2005)(finding that in addition to prevailing on the merits, defendant must meet the statutory standard for proving bad faith and harassment). Here, Defendant has not demonstrated that Plaintiff herself brought action in bad faith to harass. The Court is cognizant of the fact that the litigation continued even after the production of record evidence indicating that Defendant was in fact properly registered. However, there is simply no evidence that Plaintiff personally knew of the lack of merit and that she continued litigating for the purpose of harassment.

Accordingly, an award of fees and costs under this statute—15 U.S.C. § 1692k.—is inappropriate.

## C. Attorney's Fees from Plaintiff Pursuant to Florida Statutes § 559.77

Fla. Stat. § 559.77 allows a debtor to bring a civil action against a person or entity violating the provisions of Fla. Stat. § 559.72—which regulates the collection of debt.

The relevant portion of the statute at issue states,

**Civil Remedies.**

(2) . . . . If the court finds that the suit fails to raise a justiciable issue of law or fact, the plaintiff **shall be** liable for court costs and reasonable attorney's fees incurred by the defendant.

Fla. Stat. § 559.77 (emphasis added).

Upon a careful review of the record, and the district court's prior orders, the undersigned finds that Plaintiff did indeed fail to raise a justiciable issue of law or fact. Accordingly, Plaintiff is liable for court costs and reasonable fees of Defendant under Fla. Stat. § 559.77.

Here, partial summary judgment was initially granted for Defendants on Count III (attempting to collect a debt without a valid registration). In Count III, Plaintiff claimed that Defendant failed to provide its mailing address in the registration application and that same rendered the registration void. *See* Compl. **[D.E. 1].** Yet, when the time came to support the claim—

by responding to the summary judgment motion—Plaintiff declined to do so.

Again, in granting partial summary judgment, the Court noted, "[h]ad the Florida legislature intended to enact a private right of action for violations of Fla. Stat. § 559.553, it could have done so, either by explicitly including language authorizing a private right of action in the statute itself, or by referencing Section § 559.553 in Fla. Stat. § 559.72." *See* Order, 489 F.Supp.2d 1358. In so finding, the Court refers to *Welch v. Florida West Coast, Inc.*, 816 So.2d 711 (Fla. 2 DCA 2002) which holds that the statute at issue is not a licensing statute. Instead, it simply requires the filing of minimal identification information as well as the disclosure of any professional license or state registration held. *See Id.* at 714.

Here, the information in Defendant's application was accurate. Defendant simply failed to include its post office box address in its registration application. There is no record evidence that Defendant's registration was ever deemed void for such failure by the State, and thus, there could never have been a viable cause of action for violation of the FDCPA.

In granting final summary judgment, the Court noted, "[g]iven Connor's Notice of non-opposition to BCC's Motion for Summary Judgment, it is now undisputed that BCC was issued a valid Consumer Collection Agency Registration and that it was at no time advised either that there were deficiencies in its application or that its registration had been deemed void." *See* Order on Defendant's Motion for Final Summary Judgment (Oct. 15, 2007) [D.E. 49]. Under these facts, the Court concluded that "BCC [could not] be found to have violated the FDCPA." *Id.*

Upon review of the Motion, the applicable law and the record in this case, the undersigned finds that Plaintiff should have, at a minimum, (1) conducted further research as to whether such a trivial omission rendered the registration void; and (2) reassessed the viability of the claim after being presented with evidence that Defendant did indeed have a valid license. *See* Affidavit of Bruce Goldman, [D.E. 51 Ex. C].

Consistent with the above and foregoing, the undersigned finds that Plaintiff failed to raise a justiciable issue of law and fact. Accordingly, the undersigned **RESPECTFULLY RECOMMENDS** that Plaintiff be held liable for Defendant's attorney's fees under Fla. Stat. § 559.77.

### Reasonableness of Fees Requested

Defendant has submitted a request for $23,439 in attorney's fees paid to two (2) separate law firms, to wit; Hinshaw & Culbertson, LLP ($18,764) and Delima, Goldman & Goldman ($4,675). Plaintiff argues that Defendant's fees are exaggerated. Plaintiff notes that Defendant never filed a motion to dismiss, choosing instead to litigate the matter. In sum, Plaintiff argues that it is Defendant that multiplied the proceedings. *See* [D.E. 68].

 Under the federal Lodestar Method, the starting point for determining the reasonableness of a fee request is to multiply the reasonable hours expended by a reasonable hourly rate. *See Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11 th Cir.1988). The moving party bears the burden of documenting reasonable hours expended and reasonable hourly rates. *See ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir.1999).

### A. Hourly Rate

In the case at bar, Defendant has requested fees calculated pursuant to the following hourly rates:

| Attorney | Hours | Hourly Rate | Total |
|---|---|---|---|
| B. Fernandez | 55.0 | $185 | $10,175 |

Hinshaw & Culbertson

| | | | |
|---|---|---|---|
| B. Fernandez<br>Hinshaw & Culbertson | 14.6 | $175 | $ 2,555 |
| B. Fernandez<br>Hinshaw & Culbertson | 16.9 | $200 | $ 3,380 |
| D. Harnett<br>Hinshaw & Culbertson | .8 | $200 | $ 160 |
| D. Harnett<br>Hinshaw & Culbertson | 11.6 | $215 | $ 2,494 |
| Bruce J. Goldman | 17 | $275 | $ 4,675 |

The above noted attorneys have submitted individual affidavits as to their education and experience. *See* [**D.E. 51, Exs. 3–4**]. They have also submitted an affidavit by their expert, Robert C. Maland in support of same. *See* [**D.E. 51, Ex. 5**]. In addition to considering the affidavits, the Court has conducted an independent review of the rates submitted and finds that they are otherwise reasonable.

## B. Hours Expended

■ After determining the reasonableness of the hourly rate, the Court must next determine the reasonableness of the hours expended. *See Norman*, 836 F.2d at 1299 (11th Cir.1988). In this regard, the moving party must show billing judgment and exclude unnecessary hours, irrespective of the skill, reputation or experience of counsel. *See ACLU*, 168 F.3d at 427.

### Hinshaw and Culbertson, LLP

Hinshaw and Culbertson has submitted its bill totaling $18, 764 representing a total of 115.90 hours. The Court notes that a few entries seem to have been redacted, or are otherwise unexplained. *See, e.g.*, Affidavit of Hartnett at 15 [**D.E. 51**]. The troublesome entries state as follows:

| Date | Atty | Entry | Time |
|---|---|---|---|
| 3/2/07 | BF | Review and analyze file to | .60 |
| 3/2/07 | BF | Conduct legal research regarding | 3.60 |
| 3/2/07 | BF | Conduct legal research regarding | 2.20 |
| 3/10/07 | BF | Conduct legal research regarding | 1.60 |
| 8/15/07 | BF | Review and analyze court docket of<br>Pescatrice case to | .40 |

| 8/30/07 | BF | Telephone to S. Harris re | .10 |

*See* [**D.E. 51 Ex. 2**].

■ The billing records submitted by the Hinshaw and Culbertson lawfirm appear to relate to the time period of 11/9/06–9/21/07—which amounts to less than one year. The total requested is $18,764 representing a total of 98.9 hours. At the outset, it seems that numerous hours were spent by multiple attorneys on a relatively simple and straightforward case. Particularly, in light of the fact that Plaintiff never opposed either dispositive motion filed by Defendant.

While the undersigned can appreciate Defendant's having had to defend this action and comply with court orders, the number of hours seems somewhat excessive.

Upon careful review of the pleadings submitted, the court docket, and the supporting documentation accompanying the fee request, the undersigned finds that a 15% reduction is warranted to reflect the problems noted above. *See e.g., Villano v. City of Boynton Beach*, 254 F.3d 1302 (11th Cir.2001)(upholding a magistrate judge's decision to reduce a fee award where the submissions were insufficiently detailed and/or redundant). *Id.* at 1311; *see also, Trujillo v. Banco Central del Ecuador*, 229 F.Supp.2d 1369 (S.D.Fla. 2002); *accord, Loranger*, 10 F.3d at 776, 783 (11th Cir.1994)(noting that the court need not engage in an hour-by-hour analysis to answer all of plaintiffs' objections, but instead could reduce the original hours in gross).

Accordingly, it is **RESPECTFULLY RECOMMENDED** that the law firm of Hinshaw and Culbertson be awarded attorney's fees in the amount of $15,949.40 representing a 15% reduction of $2,814.60.

## Delima, Goldman & Goldman (DGG)

 The DGG law firm has submitted its bill in the amount of $4,675. The undersigned has conducted a careful review of the relevant billing records. The Court notes that DGG's invoice does not specify how much time was spent on *any* one of the listed tasks. *See* [D.E. 51–6]. Specifically, DGG's invoice lumps together twenty (20) billing entries for a total of seventeen (17) hours billed, making it impossible to discern how much time was allotted to each task.

It is well established that the party seeking fees has the burden of supplying the court with detailed evidence from which the court can determine a reasonable fee. However, where that party presents inadequate documentation the court may determine a reasonable award based on its own experience. *Villano*, 254 F.3d at 1302 (quoting *Mills by Mills v. Freeman*, 118 F.3d 727, 734 (11th Cir.1997)).

The undersigned has evaluated the entries as a whole and concludes that DGG has not met its burden. For the reasons stated *supra*, a general reduction of the billing submission is likewise warranted as to the law firm of Delima, Goldman & Goldman. Accordingly, it is **RESPECTFULLY RECOMMENDED** that Defendant be awarded $3,973.75 representing a 15% reduction in the amount of $701.25.

### Conclusion

Consistent with the above and foregoing it is **RESPECTFULLY RECOMMENDED** that Defendant be awarded attorney's fees as follows:

1) Hinshaw & Culbertson $15,949.40
2) Delima, Goldman & Goldman $ 3,973.75

It is **FURTHER RESPECTFULLY RECOMMENDED** that consistent with the above and foregoing, Plaintiff and her counsel be jointly liable for the fees delineated above.

Pursuant to 28 U.S.C. § 636(b)(1)(c), the parties may file written objections to this Report and Recommendation with the Honorable Cecilia M. Altonaga, United States District Court Judge, within (10) days of receipt. Failure to file objections timely shall bar the parties from attacking on appeal any factual findings contained herein. *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, *reh'g denied*, 7 F.3d 242 (11th Cir.1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir.1988), *cert. denied*, 488 U.S. 958, 109 S.Ct. 397, 102 L.Ed.2d 386 (1988).

**RESPECTFULLY RECOMMENDED** in Chambers, at Miami, Florida this 11th day of March 2008.